O. P. BASSETT

*v.*

T. F. LAWRENCE.

*Opinion filed December 18, 1901.*

1. RELEASE—*general words of release are confined to the subject matter of the instrument.* General words of release are restrained, in effect, by the recitals contained in the instrument as applied to the subject matter.

2. SAME—*when a release of indebtedness does not apply to note.* An agreement canceling a prior contract and adjusting matters growing out of the same, and providing that "from and after this date no indebtedness exists in favor of either of the parties" against the other, will not be held to release a promissory note for money loaned, where the loan did not grow out of the canceled contract and was not mentioned in the release, the recitals of which were limited, by their terms, to matters involved in the contract.

*Bassett* v. *Lawrence,* 94 Ill. App. 591, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This was assumpsit on a promissory note for $1000, made by appellant June 3, 1893, payable to appellee in ninety days, with interest at six per cent per annum. The defenses pleaded were, first, payment; second, that an account was stated between the parties, and it was found that plaintiff owed defendant divers sums in excess of the amount claimed in the declaration, and that it was agreed between them that each would, and did thereby, cancel and release to the other all indebtedness whatever, including the indebtedness sued for; third, that on January 1, 1896, there were unsettled and unliquidated matters between the parties, and that they then agreed that each would, and did thereby, release any and all indebtedness, each to the other, and that the defendant thereby released the indebtedness sued for; fourth, release by deed executed January 1, 1896. Issues were made on these special pleas, which were submitted to the jury, and a verdict and judgment followed for the plaintiff for the amount of principal and interest of the note. On appeal by defendant the Appellate Court affirmed the judgment, and the defendant took this his further appeal to this court.

The evidence was, that in December, 1889, the plaintiff below, Lawrence, and the defendant, Bassett, entered into a written contract whereby Lawrence bought of Bassett seven hundred and fifty shares of the capital stock of the Pictorial Printing Company for the agreed price of $92,750, of which $5003.12 was paid in cash and the balance was to be paid in weekly installments of $140.62, and to secure such payments Lawrence pledged to Bassett said seven hundred and fifty shares and two hundred and fifty shares of the Lawrence Printing Company, another corporation. Lawrence was to manage the Pictorial Printing Company at a salary of $3000, and was authorized to pay in advance greater sums than said weekly payments, to apply on the same, and have a rebate of six per cent per annum on such advance pay-

ments. If Lawrence failed to pay the weekly payments, as bound by the contract, he would forfeit, and Bassett could take as his own, the pledged stock of the Pictorial Printing Company, and Lawrence would also forfeit all he had paid, and thereupon Lawrence was to be from that time released and discharged from all further liability on the contract. The evidence also tended to prove that Bassett, about the date of the note, asked Lawrence for an advance payment on the contract, (the latter having promptly kept up his weekly payments,) but Lawrence replied that he could not comply with his request, but that he had some money which he might need later to pay taxes, and would loan it to Bassett for ninety days. The loan was made of $1000, and the note in controversy was given therefor by Bassett. Bassett testified that Lawrence promised at the time that if he should not need the money, as stated, it should go on the contract, but Lawrence denied that he had made any such statement. Bassett also testified that after the note became due Lawrence assented to his request that it should be applied on the contract, and this Lawrence also denied in his testimony.

In December, 1895, Lawrence, having kept up his weekly payments and having advanced over $1500 besides up to that time and having paid in all upwards of $44,000 on the contract, desired to terminate the contract and be released from further payments on account of it, and he and Bassett then came to an agreement, which was put in writing, of date January 1, 1896, and executed by both parties. This contract provided as follows: "All matters of every kind involved in the within contract have been amicably adjusted between the parties thereto, and the said contract is canceled and annulled by mutual agreement. All of the capital stock of the J. F. Lawrence Printing Company specified or mentioned in said contract shall henceforth belong absolutely to T. F. Lawrence, free from any lien or claim of said O. P. Bas-

sett. All of the capital stock of the Pictorial Printing Company mentioned or specified in said contract shall henceforth belong absolutely to said O. P. Bassett, free from any lien whatever on the part of said T. F. Lawrence. It is further agreed that from and after this date no indebtedness exists in favor of either of said parties, T. F. Lawrence or O. P. Bassett, against the other."

Bassett's note to Lawrence had not been paid, unless paid by being treated as an advance payment on the contract, as contended on the trial by Bassett but denied by Lawrence, but it was no part of the weekly payment nor of the above mentioned advance payments, aggregating upwards of $1500. Lawrence retained the note, and no part of either the principal or interest had been charged up to Bassett or credited on the contract, and nothing had been said about it at the time of the cancellation of the original contract by the agreement of January 1, 1896. The evidence further tended to prove that afterwards, when Lawrence asked Bassett for payment of the note, he replied that he thought it was to be applied on the contract, but Lawrence said he never had any such intention, and Bassett replied that he would not pay principal and interest but would give him ten notes for $100 each, payable, one in sixty days and one every thirty days thereafter, without interest. At another time Bassett said to Lawrence's attorney, who asked payment of the note, that if Lawrence sued on the note and pushed it he would never get a cent, as he had no property. He also . wrote Lawrence this letter:

"CHICAGO, *September 29, 1897.*

"*Friend Lawrence*—A notice from Ashcraft was received this morning. I will assure you that if that matter is pushed at this time you will *never* get a smell of the money. You can do as you please.        "Yours respectfully,        O. P. BASSETT."

At the close of the evidence the defendant asked the court to instruct the jury to find for the defendant, but the court refused to so instruct the jury and the defend-

193—32

ant excepted. The plaintiff asked no such instruction in his behalf, and the issues were submitted to the jury under general instructions as to the law of the case.

CRATTY, JARVIS & LATIMER, and CHESTER E. CLEVE-LAND, for appellant.

ASHCRAFT & ASHCRAFT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The ultimate question in this case is, was the indebtedness created by the note sued on included in the agreement and release of January 1, 1896? There can be no doubt that the court decided correctly in refusing to instruct the jury that it was so included, or, which was, in effect, the same thing, to instruct the jury to find a verdict for the defendant. We are of the opinion that the agreement of January 1, 1896, canceling the original contract and releasing each of the parties therefrom, does not include the indebtedness evidenced by the note sued on. The law is, that "general words of release will be restrained in effect by the recitals contained in the instrument as applied to the subject matter; and this is true at law as well as in equity." *Todd* v. *Mitchell*, 168 Ill. 199, and cases there cited; *Lyall* v. *Edwards*, 6 H. & N. 336; Addison on Contracts, 1223; *Hazelgrove* v. *House*, 6 B. & S. 975; *Blair* v. *Chicago and Alton Railroad Co.* 89 Mo. 383; *Paylor* v. *Hormishan*, 4 M. & S. 423; *Lyman* v. *Clark*, 9 Mass. 235; *Rich* v. *Lord*, 18 Pick. 322.

The provision in the instrument which appellant contends releases him from all liability on the note is this: "It is further agreed that from and after this date no indebtedness exists in favor of either of said parties, T. F. Lawrence or O. P. Bassett, against the other." All the recitals and all prior provisions of this contract were by their terms limited to matters involved in the contract of December, 1889, (that contract being referred to as

"the within contract,") and applying the rule of construction to the clause above set forth, the indebtedness for borrowed money evidenced by the note was not included in the release when this release was executed. Lawrence had paid all of the installments of purchase money due to that time, but by the original contract nearly as many more would remain to be paid. It is not clear that Bassett owed him anything outside of the note; but be that as it may, the agreement that "from and after this date no indebtedness exists in favor of either of said parties," must, in accordance with well settled rules, be held to mean that no indebtedness involved in or created by or growing out of said contract should thereafter exist from either of said parties to the other.

The agreement of January 1, 1896, was a cancellation of the prior contract and an adjustment of matters involved in and a release of indebtedness created by or growing out of it, and of no other matter whatever. Even if the evidence showed that prior to such cancellation and release Bassett had requested Lawrence to let the note be applied as a payment on the prior contract and Lawrence had assented to such request, still, inasmuch as it was never so applied, but Lawrence continued to pay in full the installments as they became due until the original contract was canceled by the agreement of January 1, 1896, we are unable to see how it can be contended that the note was also released, without an agreement to that effect. The note was given for borrowed money. The payments on the contract were credited to Lawrence when made and receipted for, but this note remained outstanding, and neither principal nor interest was credited to Lawrence as a payment on his contract, but he otherwise made all payments in full as they accrued, and when, by mutual agreement, the remaining payments not then due were released, nothing more remained to be paid upon which this note could have been applied. By the contract of Bassett all in-

debtedness of Lawrence to him upon which the note might have been applied was released before the application was made, and it follows that if there ever was a verbal agreement to apply the principal and interest as a payment on the contract, that agreement, rather than the note, was canceled by the settlement of January 1, 1896. After the time when the alleged agreement was claimed to have been made Bassett continued to receive the weekly payments from Lawrence in full without crediting the amount of the note to Lawrence and without asking for its surrender, and then, by his contract of cancellation and release, he made it impossible to make the alleged agreed application; and the effect would be the same, also, on the theory that it was agreed application should be made of the amount of the note on the contract as an advance payment, because before any such application was made the instrument upon which such advance payments could be made was abrogated by the parties. There had been no casting up of the amount due on the note, and it is not contended that there was any agreement that the amount of it should be treated as already applied, or that it should be so treated at any particular date, but the alleged agreement was wholly of an executory character.

If we are correct in this view of the case it is immaterial whether the trial court did or did not err, as against appellant, in the admission or rejection of evidence or in instructing the jury, for, taking as proved all that the appellant claimed the facts to be, there was no evidence fairly tending to establish his defense, and the court would have been justified in instructing the jury to find for the plaintiff in the amount of the principal and interest of the note.

Finding no error the judgment of the Appellate Court will be affirmed. *Judgment affirmed.*