THE CHICAGO UNION TRACTION COMPANY *et al.*

*v.*

PETER R. O'CONNELL.

*Opinion filed December 22, 1906.*

RELEASES—*when a general enumeration is not restricted by subsequent specific one.* An unimpeached release, whereby a person releases a certain corporation, its receivers and servants, from all claims, demands, actions, causes of action or suits at law for any matter or thing done or omitted by such corporation, its receivers or servants, "from the beginning of the world to and including the day of the date hereof, and especially on account of a certain accident which occurred on or about the 18th day of July, A. D. 1903," bars a suit by such person against such corporation for an injury received in another accident prior to the date of such release.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellants:

Where a release contains general language releasing from causes of action from the beginning of the world to the date of the release, followed by special references to a particular claim or cause of action, the release is not limited to the particular claim so specified, but operates as a general release of all causes of action. *Crum* v. *Sawyer,* 132 Ill. 443; *Dunbar* v. *Dunbar,* 5 Gray, 103; *Slayton* v. *Hemken,* 36 N. Y. Supp. 249.

The general language of the release must be given its full scope, and it is immaterial whether the parties had in mind the particular cause of action when the release was executed. *Klopot* v. *Stock Exchange,* 188 Mass. 335.

Where the execution of the release is proved and it is not impeached, the release is a complete bar to the action. *Papke* v. *Hammond Co.* 192 Ill. 631; *Coal Co.* v. *Royce,*

184 id. 402; *Windett* v. *Hurlbut*, 115 id. 403; *Hartley* v. *Railroad Co.* 197 id. 440; *Robinson* v. *Sharp*, 201 id. 86; *Railway Co.* v. *Fowler*, id. 152; *Cooperage Co.* v. *Romanowicz*, 186 id. 9; *Railway Co.* v. *McClain*, 211 id. 589.

The execution of the release having been proved, the burden of proof was upon plaintiff to establish mistake, fraud, or any other ground for avoiding it. *Insurance Co.* v. *Gray*, 80 Ill. 28; 91 id. 159; *State Bank* v. *Blake*, 78 Ill. App. 166.

GEORGE E. GORMAN, and MCGOORTY, POLLOCK & LOEB, for appellee:

General words of release will be restrained in effect by the recitals obtained in the instrument as applied to the subject matter; and this is true at law as well as in equity. *Bassett* v. *Lawrence*, 193 Ill. 494; *Todd* v. *Mitchell*, 168 id. 199.

The court will restrict the meaning of general words by more specific and particular descriptions of the subject matter to which they apply. Thus, general words following particular or specific terms are restricted in meaning to those things or matters which are of the same kind as those first mentioned. And in like manner general expressions will be restricted by particular descriptions or additions following them. 9 Cyc. 584, 585.

Mr. JUSTICE FARMER delivered the opinion of the court:

On the night of March 8, 1902, while crossing Wells street on foot at its intersection with Superior street, in the city of Chicago, appellee was struck and injured by a street car under the control and upon the tracks of appellants. A trial in the superior court of Cook county resulted in a verdict and judgment in favor of plaintiff for $1000. Defendants appealed to the Appellate Court, where that judgment was affirmed, and a further appeal is prosecuted to this court.

On the trial of the case in the superior court appellants offered, and the court admitted in evidence, a release signed by appellee under date of August 15, 1903. It was a printed

form, the amount of money paid, the dates, name of appellee, etc., being written on a typewriter. Said release is as follows:

"Rafael R. Govin, James H. Eckels, Marshall E. Sampsell, receivers Chicago Union Traction Company, to Peter R. O'Connell, Dr., address No. 55 Sedgwick street, (4 n. 6058-1003.)

"For satisfaction of claim as per the following release:

"*Know all men by these presents:* That in consideration of eighty dollars ($80) to me in hand paid by Rafael R. Govin, James H. Eckels and Marshall E. Sampsell, receivers of the Chicago Union Traction Company, the receipt of which is hereby acknowledged, I do hereby release the said Govin, Eckels and Sampsell as such receivers, and the Chicago Union Traction Company, their and its agents and servants, of and from all claims, demands, actions, causes of action or suits at law for or because of any matter or thing done, omitted or suffered to be done by the said receivers of the said company, their or its agents or servants, from the beginning of the world to and including the day of the date hereof, and especially on account of a certain accident which occurred on or about the 18th day of July, A. D. 1903, at or near the intersection of Dearborn and Monroe streets, in the city of Chicago, county of Cook and State of Illinois.

"Witness my hand and seal at Chicago, Illinois, this 15th day of August, A. D. 1903.

PETER R. O'CONNELL,  (Seal.)<br/>MAXWELL EDGAR.  (Seal.)

Witness: J. R. A.
Correct: John A. Rose, *Attorney.*
Correct: ........................ *Counsel.*
Audited: F. E. Smith, *Auditor.*
Approved: J. M. Roach, *General Manager.*"

No proof other than the release itself was offered as to what it was intended to embrace or that there was any fraud or mistake in its execution, and appellants contend the said release is a bar to the action. Appellee contends that as the instrument contains a general enumeration and a specific enumeration of a particular thing, the general expression is limited to the special words of description in the instrument, and that it is a release of only the specific thing mentioned, viz., the injury of July 18, 1903.

In *Crum* v. *Sawyer,* 132 Ill. 443, the court considered and construed an instrument whereby, in consideration of the wife

of J. W. Crum furnishing the money, from her own separate estate and property, to pay the indebtedness of her husband, which amounted to over $30,000, said Crum released and relinquished to his wife, "her heirs, executors, administrators, devisees. and assigns, all his right and interest, of every kind and nature whatsoever, and especially his contingent right of dower and homestead, in all lands of which the party of the second part is now seized or of which she may hereafter become seized." It was contended by Crum, after his wife's death, that the release only extended to his dower and estate of homestead, and did not affect any interest that would descend to him on the death of his wife, as her heir-at-law. The court said (p. 463) : "This conclusion is sought to be reached by an application of the rule that where, in a statute or contract, a specific enumeration of objects or things is followed by a general expression, such expression will be held to include only such things or objects as are of the same kind as those particularly enumerated. * * * Here the general and comprehensive expression comes first. It is, that the party of the first part does 'release and relinquish * * * all right and interest, of every kind and nature whatsoever, and especially his contingent right of dower and homestead,' etc., in the lands of his wife. The larger and more general intent is first stated, and the evidence, both intrinsic and extrinsic, tends to show that it was the intention of the parties to pass the larger rather than the more limited interest. An intent thus expressed will not be defeated or limited by subsequent expressions more restricted in their application.— *Binger* v. *Cann,* 3 Mees. & Wels. 342."

In *Dunbar* v. *Dunbar,* 5 Gray, 103, there was a release of Dunbar "of and from all claims, demands, actions and causes of action which I now have against him, * * * and particularly from the debts and costs in two actions now in the court of common pleas of Bristol county, Cohannet Bank *vs.* Dunbar and others, and N. H. Houghton & Co. *vs.* Dunbar." It was contended this release only embraced the two

specific things mentioned, but the court held it was effective to release all other demands between the parties as well.

A similar release was involved in *Slayton* v. *Hemken*, 36 N. Y. Sup. 249. There the general words of release preceded "and particularly from all claims and demands whatsoever arising out of the partnership relations between said parties as members of the firm of Hemken & Slayton." The court held that while the order of arrangement of the component parts of the release is not conclusive as to its construction, it is of great significance, and said: "But while all parts of the instrument are to be considered in determining its intent, the general principle of construction has been that the words of limitation should precede, and not follow, the general words. Thus, in *Jackson* v. *Stackhouse*, 1 Cow. 125, the court says: 'Where there is a particular recital and general words follow, the general words shall be qualified by the particular recital.'" After commenting on the case of *Dunbar* v. *Dunbar, supra,* the court added: "Here is the same description of release, using the same words, 'particularly from.' Obviously it comprehended something more than mere business or commercial controversies. Actionable personal wrongs were, and were intended to be, included."

*Bassett* v. *Lawrence*, 193 Ill. 494, cited and relied upon by appellee, is not in conflict with these cases. In that case Lawrence sued Bassett on a promissory note for money loaned. One of the defenses relied on was a release. The parties had relations of a business nature together, growing out of the sale by Bassett to Lawrence of stock in a certain corporation, called the Pictorial Printing Company, for a large amount of money, to be paid in weekly installments. The payment was secured by a pledge to Bassett of the stock purchased and other stock in another corporation. Lawrence also was to receive a salary of $3000 for managing the corporation whose stock he had bought from Bassett, and if he paid more than the weekly payments on the purchase he was to have a rebate of six per cent per annum on the advance

payments. If he failed to make the payments he was to forfeit the pledged stock of the Pictorial Printing Company and all money paid on the contract. While this contract was in force and being performed, the note sued on was given for money loaned Bassett by Lawrence. Bassett testified that after the note became due he requested, and Lawrence agreed, that it should be applied on the contract between them. This Lawrence denied. The note was dated June 3, 1893, and was due ninety days after date. In December, 1895, Lawrence having made all his payments and $1,500 in advance, it was agreed to terminate the contract between the parties, and on January 1, 1896, the instrument relied on as a release was executed. It provided, first, that all matters involved in the contract between the parties had been amicably adjusted and the contract was annulled by mutual agreement; that the capital stock of the Pictorial Printing Company should thereafter belong to Bassett and the stock of the other corporation pledged to secure performance of the contract should thereafter belong to Lawrence, and concluded (p. 498): "It is further agreed that from and after this date no indebtedness exists in favor of either of said parties, T. F. Lawrence or O. P. Bassett, against the other." It will be seen that the particular or specific description precedes the general language, and under the rule announced in the cases first above cited, the general language is restricted to the particular things specified. The court said (p. 498): "All the recitals and all prior provisions of this contract were by their terms limited to matters involved in the contract of December, 1889, (that contract being referred to as the 'within contract,') and applying the rule of construction to the clause above set forth, the indebtedness for borrowed money evidenced by the note was not included in the release when this release was executed." Of the same character is the instrument involved in *Todd* v. *Mitchell,* 168 Ill. 199. It is true that in neither of these cases is there any discussion of the rule of construction further than to announce the rule

applicable to the instruments under consideration, but apparently there was no necessity for any such discussion. Moreover, an examination of all the facts in each of these cases will disclose that it could hardly have been possible that the parties intended to include anything in the release except that referred to by specific description in the first part of the instrument.

Our attention is called to expressions in the American and English Encyclopedia of Law and Cyclopedia of Law and Procedure to the effect that little stress is to be laid upon the order of the clauses, and that general expressions will be restricted to particular descriptions following them. Some authorities sustain this position, but this court has in *Crum* v. *Sawyer, supra,* adopted the rule that appears to have the approval of the weight of authority.

We are of the opinion the release admitted in evidence, and unimpeached, was a bar to the suit for the injuries complained of by appellee, and that the court erred in not so holding.

The judgments of the Appellate and superior courts will be reversed and the cause remanded.

*Reversed and remanded.*