HOFFMAN, Respondent, vs. EASTERN WISCONSIN RAILWAY & LIGHT COMPANY, Appellant.

*February 1—February 18, 1908.*

*Contracts: Releases: Construction: Rules: General and particular words: Negligence: Personal injuries.*

1. In applying and enforcing any and every contract, especially when reduced to writing, it is the duty of the court to ascertain what the parties really intended by the words used in the instrument, and so-called rules of construction are but aids or suggestions resulting from common experience to the effect that people generally, in arranging and using words, mean thus or so thereby.

2. The rule that particularization followed by a general expression will ordinarily be restricted to the former is based on the fact in human experience that usually the minds of parties are addressed specially to the particularization, and that the generalities, though broad enough to comprehend other fields if they stood alone, are used in contemplation of that upon which the minds of the parties are centered; but if the contrary appear to

have been the intent, courts would defeat instead of execute the real contract of the parties by blind submission to any such rule.

3. In an action for personal injuries it appeared that plaintiff had, prior to the action, given a release to the defendant of claims against the defendant by reason of injuries received in a collision, the injuries "being right limb contusion, head struck, shook up badly, and . . . otherwise bruised and injured." The writing concluded with a full release and discharge "from all claims, demands, rights of action, and causes of action of every kind and nature which I now have, or may hereafter claim to have, by reason of, or on account of, said injuries so received, or otherwise." *Held*, that the very terms used described injuries resulting in trouble in one of plaintiff's ovaries, which became encysted, necessitating an operation and its removal.

4. In such case, the making of the release being established without contradiction, and the jury having found that plaintiff's damages resulted proximately from such injuries, by an application of correct legal construction of the release the court should have granted defendant's motion for judgment notwithstanding the verdict.

SIEBECKER, TIMLIN, and BASHFORD, JJ., dissent.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

On July 18, 1904, plaintiff was a passenger on one of the defendant's electric cars, when a collision with another car took place, and she was thrown against one of the seats and into the aisle and received serious injuries, rendering her substantially unconscious. She was treated for some three days by physicians paid by the defendant. The external indications of the injury were a slight scalp wound and a severe bruise along the front of the thigh and extending to or above the thigh unto the abdomen, and among other symptoms was a flow of blood similar to menstruation, accompanied by abdominal pains. After three or four days, the plaintiff's husband having come to Fond du Lac from Milwaukee, the solicitor of the defendant, upon request of plaintiff, visited her for the purpose of settlement, he having pre-

viously expressed a willingness to make a settlement, and at that time a written release was executed in the following words:

"For and in consideration of the sum of $45, to me in hand paid by the *Eastern Wisconsin Railway & Light Company* for my use and benefit, the receipt of which is hereby acknowledged, I hereby acknowledge full payment and satisfaction of all claims which I now have, or may hereafter have, against said *Eastern Wisconsin Railway & Light Company* by reason of injuries received by me in or near the city of Fond du Lac, Fond du Lac county, Wisconsin, on July 18, 1904, while riding in a passenger car run and operated and managed by said company, said injuries claimed by me to have been received by reason of said car coming into collision with another car, and the injuries then and there received, as claimed by me, being right limb contusion, head struck, shook up badly, and, further, by reason of said accident and collision I was otherwise bruised and injured, and hereby fully release and discharge said *Eastern Wisconsin Railway & Light Company* from all claims, demands, rights of action, and causes of action of every kind and nature which I now have, or may hereafter claim to have, against said company by reason of, or on account of, said injuries so received, or otherwise."

After her return to Milwaukee, and some ten days after the accident, she commenced to feel a severe pain on her right side. She was examined by her physician and treated for some months to allay inflammation, when it was diagnosed as a trouble with one of her ovaries and an operation was had, whereupon the right ovary was found to be inclosed by what the doctor called a blood tumor and to be seriously inflamed, so that it was necessary to remove it, and the operation was performed, followed by apparent complete recovery after some months of discomfort. This action alleged the accident, that the plaintiff was thereby thrown from her seat against the walls of the car and sustained injuries internally in the right ovary and connecting tissues, which caused her great pain and necessitated surgical operation, and

prayed damages by reason of such injury. The respective counsel agreed upon the trial that the only issue with reference to the release was one of construction as to whether or not by its words it covered the condition of the ovary so as to have released damages therefor. The court ruled in favor of the plaintiff on that issue and did not submit the release to the jury, who, however, found that such condition was caused by a blow in that region received in the accident above described, and fixed damages at $1,000, for which judgment was entered, from which the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *W. C. Quarles.*

*Charles E. Monroe,* for the respondent.

Dodge, J. The trial court evidently felt constrained in his construction of the release in this case by what he termed a strict rule of law applicable thereto, to the effect that the general words of the release, acknowledging full payment and satisfaction of all claims by reason of the injuries received on defendant's car on the date named, were limited by the specification of those injuries elsewhere in the writing, and counsel now contend that there is such a strict rule of law which must constrain us, to the effect that wherever words of particular description are contained in any contract, and more particularly in a release of damages, followed by more general words of discharge, the instrument must be construed as limited to the particular words and not extended to the full scope of the general words thereof. There is an entirely erroneous idea embodied in this contention. No rule of construction merely is a strict rule of law. In applying and enforcing any and every contract, especially when reduced to writing, it is the duty of the court to ascertain what the parties really intended by the words used in the instrument, and so-called rules of construction are but aids or suggestions resulting from common experience to the effect that

people generally, in arranging and using words, mean thus or so thereby. *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786; *Brittingham & H. L. Co. v. Manson,* 108 Wis. 221, 225, 84 N. W. 183. It has often been said with reference to wills, and is true in application to other written contracts, that seldom are any two exactly alike and precedents are of little value. A very slight change in the arrangement of the words used may be significant to a court of a radically different purpose maintained by the parties thereto. *Lawrence v. Barber,* 116 Wis. 294, 308, 93 N. W. 30. The rule contended for, that particularization followed by a general expression will ordinarily be restricted to the former, is based on the fact in human experience that usually the minds of parties are addressed specially to the particularization, and that the generalities, though broad enough to comprehend other fields if they stood alone, are used in contemplation of that upon which the minds of the parties are centered. It is the foundation of the whole rule *noscitur a sociis;* but if the contrary appear to have been the intent, courts will defeat instead of execute the real contract of the parties by blind submission to any such rule. That particular rule is supported by citation of several cases presenting documents more or less similar to, but all in some respects variant from, the release here. We need not stop to analyze those cases, some of which are: *Jackson v. Stackhouse,* 1 Cow. 122; *Union Pac. R. Co. v. Artist,* 60 Fed. 365; *Texas & P. R. Co. v. Dashiell,* 198 U. S. 521, 25 Sup. Ct. 737; *State ex rel. Lederer v. Inter-National Inv. Co.* 88 Wis. 512, 519, 60 N. W. 796. It may be noted, however, that in this release the very first words thereof are an acknowledgment of payment and satisfaction for all injuries resulting from the accident in general and comprehensive terms. This, according to some authorities, is held ordinarily to indicate that the generality of the release was that upon which the minds of the parties centered, and should not be con-

trolled or in any way limited by the fact of subsequent de-
scription or specification. *Chicago U. T. Co. v. O'Connell,*
224 Ill. 428, 79 N. E. 622; *Slayton v. Hemken,* 36 N. Y.
Supp. 249. The inefficacy of either rule to control a court
as against the obvious intention of the parties is emphasized
in *Quebe v. Gulf, C. & S. F. R. Co.* 98 Tex. 6, 81 S. W.
20, 66 L. R. A. 724, where also is pointed out, as bearing
upon the intent, the extreme improbability that parties meet
on the basis of settling a part of the damages for the injuries
in an accident, intending to leave other parts thereof unad-
justed and the subject of litigation.

However, we do not think that the appellant's claim of re-
lease and discharge from liability needs to rest at all on the
general words contained in the writing. It seems to us
clear that the very specification of the injuries received,
whether they limit the general words of release or not, suffice
to include all that for which plaintiff now seeks recovery.
Those words are of course an attempted description merely
of the direct injuries received, not of the results which
might develop therefrom, and which, under the law, are prop-
erly included in the damages suffered by reason of those
direct injuries. There is described in the release a scalp
wound upon the head. If from that there had followed blood
poisoning, however aggravated, necessitating radical treat-
ment and causing great suffering, could anybody doubt that
such result was included in a release of all damages for such
injury? We think not. *Cary v. Preferred Acc. Ins. Co.* 127
Wis. 67, 106 N. W. 1055. So it is not necessary for us to
look in the specification for a description of the blood tumor
or encysted ovary which the surgeons found in plaintiff's
body, necessitating the serious operation which they de-
scribed, if we find fairly included the direct injury to her
body which, by natural processes of development, produced
that result. The words of particularization are: "The right
limb contused, head struck, shook up badly, and, further,

by reason of said accident and collision I was otherwise bruised and injured." Now the attempt of respondent apparently is to confine these words to the contusion of the right limb and the scalp wound, but the fact that plaintiff was shook up badly is just as much particularized and that she was otherwise bruised and injured apart from those particular bruises. The evidence disclosed that she was bruised about the abdomen in such a place as to be likely to have injured the ovary or any one of several of the internal viscera; also that rupture of blood vessels about the ovary might have resulted from the jar or shock; in short, from being "shook up," as the release says. It is claimed that these words must be deemed to refer to external injuries and not to internal, but we think unreasonably, for every bruise causes more or less of internal injury. Abrasion of the mere cuticle is not ordinarily the sole injury described by such expression, and it is only matter of degree whether that bruise is confined to the parts of the body nearest the cuticle or more internal. Some measure of extravasation almost invariably accompanies any severe blow or bruise, and whether that blood collects near the surface or around some internal organ is an immaterial circumstance in considering the results of such a bruise. Let us suppose that plaintiff had brought her suit and had alleged, in the words of the release, that by the collision and blow she suffered a contusion of her right limb, her head was struck, and she was shook up badly, and by reason thereof was otherwise bruised and injured. There is no doubt that she might have proved just such an injury in the region of her right ovary as her physicians found on examination and have recovered damages therefor as the natural result of the direct injuries named. But, on the other hand, let it be supposed that she had not offered proof under such a complaint of such internal injury and result, can there be any doubt that a judgment for damages would conclude her and exhaust her right of action against

the defendant? We think this could be answered only in the negative. But we see no reason to think that the same words of description when used in a release are any less sufficient to include the abdominal injury than they would be in the supposititious complaint.

There is here no question of fraud and no suggestion of a mutual mistake as to the harm which might develop from the injuries plaintiff had received, so that we need not discuss whether the developments from a severe blow in the abdominal region are so obviously uncertain that the parties must have been conscious of the uncertainty and intended to embody it in their settlement, a subject which was treated with some care in *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 79 N. W. 762.

Our conclusion is that the trial court erred in construing this instrument; that by the very terms thereof is described the injuries which plaintiff received and from which the jury have found to have resulted the damages claimed in the complaint and which they considered and allowed in their verdict. The making of the release was established without contradiction, and, with the fact found by the jury that the damages resulted proximately from such injuries, constituted a foundation upon which, by the application of a correct legal construction of the release, the court should have granted the defendant's motion for judgment notwithstanding the verdict.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment for the defendant.

SIEBECKER, J. (*dissenting*). I am unable to concur in the decision of the court and indorse the views expressed in the opinion regarding the intent of the parties expressed in the release in question. It is held that the injuries enumerated in the release and the results therefrom include the injury for which plaintiff seeks recovery in this action. The

release is an acknowledgment of satisfaction of "all claims which I [plaintiff] now have, or may hereafter have," against defendant, "by reason of injuries received by me" by collision of cars; "the injuries then and there received, as claimed by me, being right limb contusion, head struck, shook up badly, and, further, by reason of said accident and collision I was otherwise bruised and injured." From this language the intent of the parties as to what the release covered must be ascertained, and nothing should be included except what the parties mutually intended to embrace in the language of the release. Considering this language in the light of the facts of the transaction then before the parties, I think it is apparent that they were dealing with the known and visible injuries, namely, "right limb contusion, head struck, shook up badly, and . . . otherwise bruised and injured," and the results thereof. In this view this is a release of the damages for the injuries enumerated, and the general words are limited to the particular injuries described in the release. The testimony in the case warrants the inference of fact found by the jury, that the injury for which recovery is claimed in this action was an encysted ovary caused directly by external violence inflicted in the collision. It certainly is not one of the injuries particularly enumerated in the release, nor can I perceive that it can be treated as a result of these injuries. If the phrase in the release, "shook up badly," is treated as inclusive of the injury from which this encysted ovary may be said to have resulted, then it seems a necessary consequence that it includes all of the injuries caused by the shock and the blow resulting from the collision. Such an interpretation would in practical effect make the release a general one for all injuries the plaintiff sustained as a result of the accident. I think the language employed by the parties clearly negatives the conclusion of the court and shows that the parties did not agree on a release for injuries aside from those enumerated and

those resulting therefrom.    The enumerated injuries do not include the injury to the ovary.    When the release was agreed upon it was unknown to the parties, and the evidence does not show that it resulted from those specified in the release.    These facts and circumstances bring the case within the rule declared in *Texas & Pac. R. Co. v. Dashiell*, 198 U. S. 521, 25 Sup. Ct. 737; *Jackson v. Stackhouse*, 1 Cow. 122.

It is declared in the opinion of the court that if the words in the release descriptive of the injuries were set out in a complaint plaintiff could have recovered for the injury to the ovary as a natural result of the direct injury so described. This would no doubt follow under the rule of procedure that damages resulting from one and the same cause of action must be sued for and recovered in one action.    Under this rule such language in a pleading would be so liberally construed as to include all of the damages resulting from the cause of action set out in the complaint.    *Lumley v. Wabash R. Co.* 76 Fed. 66.    But I take it such is not the rule applied to releases for part of the damages resulting from an injury.    Such a release can only cover what the parties intended should be covered by its terms, and cannot be extended to injuries not included in the agreement of the parties though arising out of the same cause of action.    I am of opinion that plaintiff established a claim for recovery not included in the release, and that the judgment should have been affirmed.

Timlin and Bashford, JJ., concur in the foregoing opinion of Mr. Justice Siebecker.