**CITY OF TULSA et al. v. CLARK.**

No. 16179—Opinion Filed Feb. 9, 1926.

Rehearing Denied Sept. 21, 1926.

1. **Statutes—Congressional Act Taken from State Statute Adopts Former Construction Also.**

When an act of Congress has been taken from a state statute, the known and settled construction which such statute has received in the state, before the original enactment of the act of Congress, must be considered as having been adopted by Congress with the text thus expounded.

2. **Statutes—Construction—Rule of Ejusdem Generis.**

General words following words of particular description are limited in meaning to the scope of the particular words under the application of the rule "ejusdem generis" in considering the meaning of a statute.

3. **Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Ellen Clark against the City of Tulsa and Reese Morgan, to enjoin the city from commencing a criminal prosecution against the plaintiff in the police court for the alleged unlawful possession of a certain plot of ground occupied by the plaintiff, situated in the City of Tulsa. Judgment for plaintiff, and defendants bring error. Affirmed.

H. O. Bland, Harry Halley, and I. J. Underwood, for plaintiffs in error.

Carter Smith, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action in the district court of Tulsa county, against the city of Tulsa, to enjoin the latter from commencing a criminal prosecution against the plaintiff in the police court. The city threatened to commence criminal prosecution against the plaintiff on the charge that the plaintiff was in the unlawful possession of a certain plot of ground owned by the city. The trial of the cause resulted in judgment for the plaintiff enjoining the city of Tulsa from prosecuting the plaintiff for the possession of the property. The defendants have appealed the cause here, and seek reversal upon the ground that the judgment is contrary to the law and the evidence.

The evidence shows that the plaintiff went into possession of an unused street in the city of Tulsa, in the year 1903. The plaintiff has occupied the disputed property as her place of residence since the year 1903. She placed a five-room house thereon, and some other buildings, and has used and occupied the plot of ground and claimed ownership thereof at all times. It is the contention of the plaintiff that her adverse possession has barred all claims in the property against the city.

The city submits the following proposition for the reversal of the judgment: (1) That the law of adverse possession did not apply against the appellant, and that the statute of limitation against the right of the latter to possession of real estate does not run. (2) That section 7 of art. 18 of our Constitution forbids a person to acquire real estate owned by a city through adverse possession. (3) That paragraph No. 1 of section 7 of art. 2, of the city charter of the city of Tulsa, forbids a person to acquire the title to city property through adverse possession.

Chapter 29 of Mansfield's Digest of the Laws of Arkansas, relating to the establish-

ment and control of municipal corporations, was extended over the Indian Territory by an act of Congress of May 2, 1890. The statute had been construed by the Supreme Court of Arkansas before Congress extended the same over the Indian Territory. The Supreme Court of Arkansas gave the seven-year statute of limitation effect against the right of the city to recover possession of real estate adversely held and claimed by another. The construction placed on the statute before its adoption was, that one in possession of real estate, claiming the same adversely to the city, barred the right of the latter to maintain an action for its recovery after the seven-year statute of limitation had run. Ft. Smith v. McKibbin, 41 Ark. 45. The case of Ft. Smith v. McKibbin, supra, decided that seven years' open, notorious, and adverse possession of a street, or alley, barred the right of the city to maintain an action for its possession. This rule was in effect when the statute was extended over the Indian Territory.

It has been decided by the Supreme Court of the United States, and also by this court, that an act of Congress which adopted a statute from the state of Arkansas, and extended the same over the Indian Territory, gave effect to a construction which had been placed upon the statute by the Supreme Court of Arkansas, prior to the adoption of the act. The act of adopting the statute had the effect of giving force to the statute in the Indian Territory as interpreted and expounded by the Supreme Court of Arkansas. Willis v. Eastern Trust & Banking Co., 169 U. S. 295, 42 L. Ed. 752; Blaylock v. Incorporated Town of Muskogee, 117 Fed. Rep. 125.

The plaintiff went into possession of the unused street in the year 1903, and held the same in open, notorious, and adverse possession, as against the claims of the city, until the commencement of this suit. The adverse possession act set in motion the seven-year statute of limitation against the right of the city to recover possession of the unused portion of the street occupied by the plaintiff. The city served written notice upon the plaintiff, which described a certain plot of ground as being owned by the city and unlawfully held by the plaintiff. The notice further advised the plaintiff that unless she vacated the property and delivered possession to the city within three days from receiving the notice, criminal prosecution would be commenced against her in the police court of the city of Tulsa. The right of the city to the possession of the disputed property, as against the plaintiff, was al-

ready barred by the seven-year statute of limitation when the notice was served upon her. The threatened criminal prosecution was without right, unless the second and third propositions of law submitted by the appellant be sound.

The section of the Constitution referred to by the appellant reads in the following language:

"No grant extensions or renewal of any franchise or other use of the streets, alleys, or other public grounds or ways of any municipality, shall divest the state, or any of its subordinate sub-divisions, of their control and regulation of such use and enjoyment."

The section is found in that part of the article relating to franchises.

The section shows that it is dealing with the matter of licensees claiming adverse possession against the city, growing out of the granting of franchises. The section forbids one who goes on the property of the city, pursuant to the grant of a franchise from the city, to change the claim from a licensee to that of an adverse owner and holder. The appellant insists that the phrase "or other use of the streets" is broad enough to apply to the claim of the plaintiff, and destroy the running of any statute against the city, when the Constitution was adopted. The particular words preceding the phrase show that the section relates to licensees who are exercising privileges under a franchise on the property of the city. The specific words preceding the general words show that the specific words relate to prohibiting a licensee from asserting adverse possession against the city. The prohibition applies to the streets and alleys of the city, upon which the licensee goes in the exercise of the privileges granted by the franchise. The purpose of the section was to prevent one who went into possession of streets and alleys, as a licensee under a franchise, from changing such possession so given by the city to adverse possession. The phrase "or other use of the streets" cannot be given any broader meaning and application than the particular words and phrases preceding the general phrase. The general words are merely descriptive of the subject-matter preceding, and do not expound the meaning of the particular words. The general phrase relied upon by the appellant could have no greater effect than to forbid a person who goes upon the property, pursuant to some grant from the city, from asserting adverse ownership to the property. Hoffman v. Eastern Wisc. Ry. Co., 134 Wis. 603. 115 N. W. 383; Board of Commissioners. King-

fisher County, v. Grimes, 75 Okla. 219, 182 Pac. 897; Wolf v. Blackwell Oil & Gas Co., 77 Okla. 81, 186 Pac. 484; Hickman v. Cabbott, 183 Fed. 747; Board of Commerce of Ann Arbor v. Security Trust Co., 225 Fed. 454; Hawkins v. G. W. R. R. Co., 17 Mich. 57; American Bridge Co. of New York v. Glenmore (Ky. App.) 107 S. W. 279; Krulewtch v. Natl. Trading Co., 186 N. Y. Supp. 888; Standard Ice Co. v. Lynchburg Diamond Ice Factory (Va.) 106 S. E. 390. The plaintiff did not occupy the status of the persons to which the section relates at the time of the adoption of the Constitution. Therefore, the seven-year statute of limitation of Arkansas. which had been extended over the Indian Territory, continued to run against the right of possession of the city to the property, after the adoption of the Constitution.

The foregoing conclusions answer the third proposition submitted by the appellant.

The appellant makes the further contention that plaintiff's evidence did not sufficiently identify the plot of ground which she claimed to occupy. It is sufficient to say that the plot of ground involved in this suit is the same ground which the city described in the notice, and charged the plaintiff with unlawfully withholding possession. The plaintiff admits that she is in the possession of the unused portion of the street described, but contends that her possession is lawful, and that she is the owner thereof. The land was thereby sufficiently identified for the purposes of this suit.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 1154; 25 R. C. L. p. 1071; 3 R. C. L. Supp. p. 1440; 4 R. C. L. Supp. p. 1620; 5 R. C. L. Supp. p. 1364. (2) 36 Cyc. p. 1119; 25 R. C. L. p. 996; 3 R. C. L. Supp. p. 1437; 4 R. C. L. Supp. p. 1614; 5 R. C. L. Supp. p. 1357. (3) 4 C. J. p. 1129 § 5122.