## SMITH et al. v. CITY OF TAHLEQUAH.

No. 16209—Opinion Filed April 20, 1926.

**Damages—Liquidated Damages not Recoverable Where Contract Breached by Both Parties.**

A party to a contract cannot recover liquidated damages for a breach for which he himself is responsible or to which he has contributed, and as a rule there can be no apportionment of liquidated damages where both parties are at fault. Hence, if the parties are mutually responsible for the delays because of which the date fixed by the contract for completion is passed, the obligation for liquidated damages is annulled, and in the absence of some provision contained in the contract under which another date can be substituted, it cannot be revived except by express agreement.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Cherokee County: J. T. Parks, Judge.

Action by O. H. Smith and W. J. Whitney, a copartnership, doing business under the firm name and style of Smith & Whitney, against the city of Tahlequah. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

C. A. Ambrister and Bower Broaddus, for plaintiffs in error.

J. I. Coursey, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Cherokee county, Okla., by plaintiffs in error, as plaintiffs, against the defendant in error, as defendant, to recover the sum of $2,200, as balance due plaintiffs under a certain contract entered into by the plaintiffs and the defendant. The defendant files its answer, and as a defense avers that plaintiffs are indebted to defendant in the sum of $2,200, the amount sued for by plaintiffs, by reason of a breach of contract sued on, which provides that in the event plaintiffs did not fulfill the contract within the time specified, plaintiffs should pay to the defendant the amount of $25 per day, for each day the completion of the work provided for under the terms of the contract was delayed, as liquidated damages. Defendant further avers that there was a delay of 88 days in the completion of the work, incumbent upon plaintiffs under the terms of the contract, and further avers that the defendant has overpaid plaintiffs in the sum of $1,250, for which amount it prays judgment; to which answer of the defendant, plaintiffs file a reply in the nature of a general denial. Upon the issue thus joined the cause was submitted to the court and jury, and at the conclusion of plaintiffs' evidence, the defendant interposed a demurrer to the evidence of plaintiffs, and motion for instructed verdict. The demurrer was sustained by the court, and the jury directed to return a verdict in favor of the defendant, and judgment

was rendered by the court in accordance with the verdict of the jury, from which judgment the plaintiffs prosecute this appeal, and assign numerous specifications o. error.

This action grows out of a contract entered in.o by Smith & Whitney, plaintiffs, with the city of Tahlequah, defendant, whereby plaintiffs agreed to install an electric light plant for the defendant, city of Tahlequah, and this controversy is based upon the following provision contained in the contract:

"The work shall be commenced within five days after the approval of bonds by Attorney General, and shall be completed within seven months (plus the time necessary to transport engines and generators from the date thereof) and for each and every day the work remains uncomple:ed a.ter the expiration of time agreed upon for completion, the contractor shall pay to the purchaser $25 as liquidated damages."

We are inclined, however, to the opinion that the trial court committed error in sustaining the demurrer and motion for a directed verdict, and was in error in excluding the evidence offered by the plaintiffs, tending to excuse or justify the delay in the completion of the work.

The facts, as disclosed by the record, show that the defendant, the city of Tahlequah, entered into three different contracts with different parties to construct different parts of the electric light plant. The construction of the building in which the plant was installed seems to have been let to one Burns. The plaintiffs made an offer of proof tending to show that there was a delay o: 30 days in installing the boiler, engines, and generators, which was incumbent upon plaintiffs, caused by failure of the contractor, Burns, to complete the building within a reasonable time, and, according to the contract, the evidence admitted by the court shows that there was a delay of 19 days, due to the fact that the engineer of the defendant, in charge of and supervising the work, requested plaintiffs to do certain additional work in connection with the installation of the machinery, which plaintiffs were not required to do under the terms of the contract. This fact is admitted by defendant as is disclosed by the following paragraph found in its brief:

"Work was to begin March 16. 1920. seven months from that day is October 16. 1920, 23 days added as the time found to be the longest time required to transport any portion of the engines and generators, which brings it to November 8. 1920. From November 8th. to March 1, 1921, the date the plant was accepted, is 106 days; deduct from the 106 days the 19 days that the plaintiffs were allowed by reason of work that engineers required them to do, that it afterwards developed should have been done by someone else, and we have left 87 days, the number of days deducted."

Under this proof, which is admitted, and the proof tendered by plaintiffs upon the trial of the case, which we think should have been admitted, it is obvious that at least a substantial and material part of the delay was caused by the defendant.

The trial court seems to have based its judgment on the following provision contained in the contract, providing for the giving of notice by plaintiffs to defendant of any delays occurring, as is disclosed by the following finding of the court in discussing the following provision:

"That in order to avail themselves of any deduction of time by reason of delay that they should have given the engineers notice in writing within 24 hours after it occurred."

We cannot agree with the conclusion reached and judgment rendered by the trial court. The court was in error in excluding evidence offered by plaintiffs, tending to show that the de endant at least contributed to the delay, by reason of the contractor Burns' failure to comple:e the building in due time. and hence in error in sustaining the demurrer to plaintiffs' evidence in the face of the tender made, and evidence admitted disclosing that the defendant had contributed to the delay for the period of at least 19 days according to the evidence and its own admission.

In 8 R. C. L. page 578, section 126, the following rule is announced:

"The plaintiff cannot recover liquidated damages for a breach for which he himself is responsible. or to which he has contributed. and as a rule there can be no apportionment of liquidated damages where both parties are at 1ault. Hence, if the parties are mutually responsible for the delays because of which the date fixed by the contract for completion is passed. the obligation for liquidated damages is annulled, and in the absence of some provision under which another, date can be substituted, it cannot be revived. And so it has been held that a provision in a contract, to the effect that deviations may be made at the instance of the owner without annulling or invalidating the contract, does not operate to renew a right to liquidated damages for delay in completing the work after the provision therefor has been abrogated by delays to which the owner materially contributed."

This seems to be a just and equitable doctrine, and has been followed by the Supreme

Court of New York and other states. In Mosler Safe Co. v. Maiden Lane Safe Deposit Co., 199 N. Y. 479, 93 N. E. 81, 37 L. R. A. 363, syllabus paragraph 3, the Supreme Court of New York held:

"The right of the owner of a building to liquidated damages for failure to complete a vault within a specified time is abrogated if he is responsible for a substantial part of the delay, and he cannot therefore recover such damages for delay beyond the time for which he is responsible."

Under this rule the defendant would not be entitled to recover liquidated damages in this case, having contributed to the delay, therefore abrogating the terms of the contract upon which it now attempts to rely. The provision of the contract heretofore quoted, requiring notice and providing the method to be adopted to secure an extension of time, etc., is of no avail to the defendant in its plea for liquidated damages, as is disclosed by the rule announced in the fourth paragraph of the syllabus in the Mosler Case, supra:

"A provision in a contract for placing an improvement in a building that if the owner shall require any deviation, the same may be made without annulling or invalidating the contract, will not operate to renew a right to liquidated damages for delay in completion of the work after the provision therefor has been abrogated by delays to which the owner materially contributed."

The right to recover liquidated damages being once abrogated cannot be renewed or revived except by subsequent agreement. There will be found a very exhaustive discussion of the rule, and citation of numerous authorities in the Mosler Case, from which we quote the following excerpts bearing directly upon this question:

"But it is obvious, as I think, that the very reason for sustaining the validity of an agreement for liquidated damages, in such contracts as the present ones, as a reasonable and fair provision, also suggests how essential it is that the owner shall be able to show strict compliance on his part, and that the contractor's obligation has not been released nor affected by his interference or dilatory action. * * *

"While such an agreement has not the harshness of a penalty, it is, nevertheless, in its nature such that its enforcement, where the party claiming the right to enforce has in part been the cause of the delay, would be unjust. It is a reasonable view of the situation that denies, in such a case, the right to strict enforcement, and, where both parties are at fault with respect to the delay, remits the injured party to the remedy of an action at law, in which he can recover his actual loss from the contractor's failure to complete within what was a reasonable time.

"Without such a provision, where, by the mutual fault of the parties, the contractor's original obligation has been put an end to, how could he come under a new obligation to pay the liquidated damages from some subsequent date? Such an obligation could not be renewed except by some express agreement. * * *

"In Willis v. Webster, a well-considered case, and one in which the question arose upon a substantially similar state of facts, it was forcibly said that where 'liquidated damages are to be sustained after a given day, the plaintiff (contractor) is entitled to know with precision when he is laboring under such an obligation, and not be required to leave it to the judgment of a jury as to what is a reasonable time. It is impossible under the contract to apportion liquidated damages. Either the liability for the liquidated damages exists, or it does not. It cannot half exist, and half be waived. In the case at the bar there was a definite contract which was abrogated by the acts of both parties; and it requires equally concerted action to breathe life into it again.' * * *

" 'Where the liquidated damages are stipulated for at so much per day or per week, there must be a definite date from which they are to run. If no such date is fixed by the contract, or if by the operation of intervening circumstances, the date fixed by the contract has ceased to be operative, and there is no provision in the contract under which another date can be substituted, all right to recover the sum stipulated for as liquidated damages has been put an end to, because there is no date from which the penalties can run.' * * *

"This principle is applicable, not to building contracts only, but to all contracts. If a man agrees to do something by a particular day, or in default to pay a sum of money as liquidated damages, the other party to the contract must not do anything to prevent him from doing the thing contracted for within the specified time'." . .

We think under the rules here announced, the court was clearly in error in sustaining the demurrer and motion for a directed verdict. There are numerous other questions raised by appellants, but we deem it unnecessary to mention same, as the question heretofore discussed is decisive of the question involved in this case.

We therefore find that the case should be and the same is hereby reversed and remanded to the trial court for such further proceeding as may be in accord with this opinion.

By the Court: It is so ordered.

Note.—See 17 C. J. pp. 964, 965 § 263; 8 R. C. L. 578.