## SMITH et al. v. CITY OF TAHLEQUAH.

No. 19431. Opinion Filed Sept. 23, 1930.

Broaddus & Ambrister and Lydick, Mc-Pherren & Jordan, for plaintiffs in error.

Paden & Douglas and Allen & Jarman, for defendant in error.

LEACH, C. This action was commenced in the district court of Cherokee county by the plaintiffs in error against the defendant in error, as defendant, to recover the sum of $2.200 alleged to be due plaintiffs as a balance under a contract between the parties relating to the construction of a certain portion of an electric light plant.

It was alleged in part in plaintiffs' amended petition that at an election in the defendant city the erection of an electric light plant was duly authorized and bonds voted in payment therefor; that:

"Pursuant to said election and authority therein granted, the mayor and city council of the defendant, after duly advertising for bids in accord with law, accepted the bid of the plaintiffs as being the highest and best bid for the purpose of erecting section 'B' of the specifications for said electric light plant and * * * said defendant duly entered into a contract in writing, a copy of which is attached * * *"

—and further alleged that the plaintiffs performed all the conditions required of them in said contract and were entitled to the consideration named therein less certain credits; further alleged that the city council of the defendant city by resolution increased the compensation provided for in such contract in the sum of $1.250; a portion of such minutes or resolution being as follows:

"Resolved, That the council allow Smith and Whitney of Dallas, Texas, represented by Mr. Connor, to change the contract for furnishing engines for the electric light plant to subst'tute the Ames Uniflow engine for the Nordberg Uniflow engines, as per statements specified, and to allow Smith and Whitney an increase of $1.250 on their contract on account of the advance in prices of the machinery since contract was made on account of the delay of the Attorney General in approving the bonds."

The defendant city for defense to the action alleged that the plaintiffs failed to complete the work required of it within the time specified under the contract, and referred to that portion of the contract which provided for the payment of $25 per day as liquidated damages for failure to complete the work within the time specified, and alleged that the amount of such liquidated damages was in excess of the sum claimed by plaintiffs; further alleged that the resolution of the city council wherein it agreed to pay the plaintiffs an additional sum above the original contract price, was void and that the city was not bound by such action of the council and prayed recovery against the plaintiffs for the sum of $1,250

At the first trial of the cause an instructed verdict was rendered for defendant and judgment entered accordingly, from which the plaintiffs prosecuted an appeal to this court, where such judgment was reversed on the ground that the trial court erred in excluding evidence offered by plaintiffs tending to show that the defendant contributed to the delay in the completion of the work. The opinion of the court on that appeal, which is found in 117 Okla. 204, 245 Pac. 994, concluded in the following language:

"We therefore find that the case should be, and the same is hereby, reversed and remanded to the trial court for such further proceeding as may be in accord with this opinion."

On remand of the case to the district court the defendant city was granted leave to file an amended answer wherein it specifically denied any liability under the contract on the ground that the same was void and of no force and effect for the reason that the price or compensation contracted to be paid the plaintiffs was in excess of the aggregate amount of the estimated cost of the improvements as compiled by the city engineer and on which the bids were submitted and contract awarded; further alleged that the contract was let on competitive bids and that the plaintiffs fraudulently procured the adoption of a resolution by the council whereby an increase of $1,250 on the contract price was awarded without notice to the public or other' bidders.

Prior to the second trial of the case the plaintiffs moved for judgment in their favor on the mandate from the Supreme Court, also moved to strike the amended answer of the defendant, demurred thereto, and objected to the introduction of evidence thereon on the grounds that the amended answer was permitted to be filed by a judge who had previously filed his disqualification to hear the cause and that the answer raised new issues in the cause and was a departure from and in conflict with the defense originally pleaded, all of which were overruled, and the cause proceeded to a second trial before the court without a jury.

It is shown by the record presented that the estimate as prepared by the city engineer and filed with the council prior to the letting of the contract fixed the estimated cost of the work and materials to be done and furnished by the plaintiffs under their contract at $51,587.90, and that the plaintiffs' bid and contract price for such work and material was $59,477, which latter sum, together with the increase of $1,250, as shown by the resolution of the city council, was in excess of the estimate as submitted by the city engineer in an amount of $10,139.10.

Judgment was entered for the plaintiffs at the second trial for the sum of $950, and each of the parties, plaintiffs and defendant, filed motion for a new trial, which were overruled, and the plaintiffs bring this appeal and complain of the action of the trial court in permitting defendant to file its amended answer and in denying plaintiffs' claim in full with interest, and the defendant has filed its cross-petition in error, wherein' it complains of the action of the trial court in rendering judgment for the plaintiffs and asserts, in accordance with its amended answer, that the plaintiffs are not entitled to recover any sum because the contract price and amount paid plaintiffs were in excess of the estimate of the city engineer and in violation of section 4577, C. O. S. 1921.

The first six propositions set forth and argued in the brief of the plaintiffs relate to the alleged errors of the trial court in permitting the defendant to amend its answer, thereby pleading the invalidity of the contract, and the action of the trial court in denying plaintiffs' motion to strike the same, error in overruling their demurrer thereto, and their objection to the introduction of the evidence by defendant in support thereof.

Plaintiffs concede that the granting or refusal of permission to file amended pleadings rests in the judicial discretion of the trial court where no departure from the original pleadings exists, but say the amended answer in the instant case was permitted to be filed by a judge of the district court who had previously certified his disqualification to hear the cause, and for that reason the amended answer and filing thereof was void. Conceding that the original order authorizing the filing of the amended answer was erroneous because it was made by the judge who had previously certified his disqualification in the cause, such fact alone would not necessarily be reversible error or prejudice the rights of the plaintiffs, because the motion of the plaintiffs to strike the amended answer was presented to and heard by another judge of the trial court who was not disqualified in the cause, and his ruling on the motion, denying the same, was in effect the same as an order by him allowing the amendment to be filed and was an exercise of his judicial discretion in the matter of filing or permitting it to be filed. The objection to the amended answer on the ground that it was allowed to be filed by a disqualified judge was largely abandoned at the oral argument of the cause and the other objections thereto were chiefly urged and relied upon.

The other ground urged against the action of the trial court in permitting the amended answer to be filed and retained as a pleading in the cause and its insufficiency is to the effect that upon remand to the trial court of a cause on appeal amendments to the pleadings which inject new issues inconsistent with and contradictory to the original allegations cannot be allowed and that a party litigant will not be permitted to assume inconsistent positions with respect to the same matter in the same or successive suits.

The plaintiffs by argument in their brief assert that defendant's amended answer is in conflict with and contradictory of its former answer in that the former answer relied upon certain conditions or breaches of the contract as a defense to plaintiffs' claim, thereby indirectly admitting the validity of the contract, while the amended answer specifically denies the validity of the contract, that it substantially changed its defense. Plaintiffs in support of their proposition and argument cite several cases from this jurisdiction and others which announce the general rules that courts are liberal in permitting parties to amend their pleadings in furtherance of justice and in accord with the statutory provisions and that parties are required, in the absence of exceptional facts, to present their entire claim or defense when the case is first tried; also other decisions holding that a party litigant may not assume inconsistent positions or be permitted to deny a solemn admission previously made in the case. While the cases cited by the plaintiffs reasonably support and announce the general rules or propositions presented by them, yet we are of the opinion none of the cases cover a record such as is presented in the instant case. In the first appeal of this case the question of the right of the city council to increase by resolution the compensation originally vested in the contract between the parties was not determined and the case as a whole was remanded for further proceedings before the trial court.

In the syllabus of the early case of Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105, and in the later case of McIntosh v. Lynch, 93 Okla. 174, 220 Pac. 367, it was said:

"Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below, in justice to the parties, should permit such amendments upon such terms as to cost as it thought just, and it is reversible error to refuse to do so."

In the case of Van Winkle Gin & Mach. Wks. v. Brooks, 53 Okla. 411, 156 Pac. 1152, after the cause had been reversed and re-manded for new trial the plaintiff amended his petition by adding to the acts of negligence formerly set up the charge that the defendant was negligent in that it did not exercise reasonable care to provide plaintiff with safe fellow servants and co-employees, and it was held that such amendment did not affect the general identity of plaintiff's cause of action and was therefore permissible, and it was stated in the first paragraph of the syllabus in that case:

"Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction."

It is argued by plaintiffs that the opinion in the first appeal in this case was in effect an adjudication that the contract sued on was valid, and therefore such question or issue cannot again be raised or presented in this appeal. Such question apparently was not an issue in the former appeal, but had it been decided as argued by plaintiffs, there are exceptions to the rule relied upon, as was so stated in Wade v. Hope & Killingsworth, 89 Okla. 64, 213 Pac. 549, as follows:

"The courts uniformly hold that an appellate court may review and reverse its former decision in the same case where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischief to be cured far outweighs any injury that may be done in the particular case by overruling a prior decision."

In Powell v. United Mining & Milling Co., 107 Okla. 170, 231 Pac. 307, it was said that the court might reverse its former opinion, "especially where the party benefiting from the erroneous judgment, and in full reliance thereon, has not surrendered substantial and valuable rights which cannot be restored by the court." See, also, cases cited in Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 Pac. 649.

The defendant might have, as we view it, alleged in the first instance that the contract was void, or in the alternative that in case it should be adjudged otherwise, that it was entitled to the benefits of the contract relating to damages for delay in completing the work, and such pleading would not bring it within the rule relied upon by plaintiffs to the effect that a party cannot assume inconsistent positions or deny solemn admissions.

In the recent case of Faught v. City of Sapulpa, 145 Okla. 164, 292 Pac. 15, this court, in referring to the duty of the officers of a municipality to properly defend actions against the city, stated in part:

"The purpose of an answer of a municipality is to deny. There is no legal reason for a municipality filing an answer admitting indebtedness or admitting facts from which indebtedness may appear. The constitutional limitations which prohibit a municipality from becoming indebted prohibit a municipality from filing in a court a pleading that admits an indebtedness. It is said that a municipality that owes an indebtedness and that will be liable for the cost will be benefited by entering an appearance and thus reducing the cost. But whether or not that will be a benefit to the municipality, it is not authorized by any statute, and such practice cannot be followed or approved."

If in fact the contract sued upon in the instant case was void, or at least unenforceable to the extent that the plaintiffs would be unauthorized to enforce or recover from the city any sum in excess of the estimated cost of the work to be done as fixed by the estimate of the city engineer and prohibited by statute, then in that event we are of the opinion that it would be the duty of the trial court, when such fact was called to its attention, to permit such plea to be filed. It was the duty of the city authorities to interpose all valid defenses, and the fact that they failed to do so in the first trial of the cause would not, in the absence of a showing that plaintiffs were in some manner deprived of some substantial right thereby, and under the record in the instant case, preclude their filing such a plea or defense upon remand of the cause for a retrial.

"A contract not in its origin obligatory upon the corporation, by reason of not having been made in the mode prescribed by the charter, cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation." United States Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771.

This court has announced the rule that:

"The existing statutes and the settled law of the land at the time a contract is made become a part of it and must be read into it." Okla. Cotton Growers Assn, v. Salyer, 114 Okla. 77, 243 Pac. 232.

And further that:

"Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers." Dougherty-Nichols Const. Co. v. Town of Jenks, 115 Okla. 104, 242 Pac. 167; City Nat. Bank v. Town of Kiowa, 104 Okla. 161, 230 Pac. 894.

We are of the opinion that under the record presented no reversible error is shown in the action of the trial court in refusing to sustain plaintiffs' motion and other objections directed at defendant's amended answer.

Plaintiffs' seventh and eighth propositions are that there is no provision of law requiring a city to advertise the letting of contracts for the construction of electric light plants or to let the same on competitive bids, and that even though it be so required, such a contract may subsequently be modified and changed in minor respects without readvertisement or bids. In our view of the case it is not necessary to determine the propositions here raised, since they are not decisive of the case. However, in the instant case, according to the pleadings, the contract was advertised and let on a competitive bid.

It is next contended by the plaintiffs that the provisions of section 4577, C. O. S. 1921, which reads as follows:

"Before the city council shall make any contract for building bridges or sidewalks, or for any work on streets, or for any other work or improvement, an estimate of the cost thereof shall be made by the city engineer and submitted to the council, and no contract shall be entered into for any work or improvement for a total price exceeding the aggregate amount of such estimate"

—do not apply to contracts for the construction of municipally owned public utilities. In support of this proposition plaintiffs argue that the words "or for any other work or improvement" found in the statute do not enlarge or extend the application of the section of statute beyond the specific class or character of work enumerated and immediately preceding such clause, and that the same comes within the following rule announced in City of Tulsa v. Clark, 119 Okla. 122, 249 Pac. 286:

"General words following words of particular description are limited in meaning to the scope of the particular words under the application of the rule 'ejusdem generis' in considering the meaning of a statute."

In City of Tulsa v. Clark, supra, attention was called to the fact that the particular section of the Constitution referred to was found in that part of the article relating to franchises, and the conclusion in that case was that the language referred only to franchises. In the instant case the section of statute involved is found under the general article relating to powers and duties of the city council, wherein is enumerated various powers and duties of the council, and the chapter is not limited alone to bridges, sidewalks, or work on city streets.

This court in Bowles v. Neely, 28 Okla. 556, 115 Pac. 344, applied the statute here

involved to a contract let by the mayor and city council for a municipal filtration plant and stated in the syllabus of that case:

"A contract let by the mayor and city council for a municipal filtration plant, pursuant to Snyder's Stats. of Okla. sec. 702, but in excess of the estimate of cost submitted with the plans and specifications of the city engineer, is void."

In our opinion the statute is a wholesome one, it contains no exception as to any particular class of work or improvement, and we find no authority for construing the same otherwise. We are unable to agree with the contention of the plaintiffs that the statute does not apply in the matter of erection of a municipally owned light plant.

It is next argued that if the provisions of section 4577, supra, apply to a contract of the character here involved, then such statute is repugnant to section 27, article 10, of the Constitution, which provides that incorporated cities and towns in this state, by a majority vote of their qualified voters, may become indebted in a larger amount than that specified in section 26, article 10 (for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city). On this proposition plaintiffs refer to Momaw v. Sions, 96 Okla. 202, 220 Pac. 865, and Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800, wherein it was held that a municipality exercised its proprietory or quasi private powers rather than its legislative or governmental powers in the operation of a municipal water or light plant.

City of Pawhuska v. Pawhuska Oil & Gas Co., 118 Okla. 201, 248 Pac. 336, Williams v. City of Norman, 85 Okla. 230, 205 Pac. 144, with other cases from this court, are also referred to, wherein it was held that section 27, article 10, was a self-executing grant of power. The Pawhuska Case also holds that county excise boards have no supervisory power or control over the expenditures of cities in the operation of public utilities owned by the city. Such cases are not, as we construe them, controlling or pursuasive in support of the rule sought to be applied by the plaintiffs in the present case. The particular section of the Constitution empowers a city to become indebted in a larger amount than specified in section 26, article 10, for the purpose of purchasing or constructing public utilities, and we fail to see wherein the section of statute in question limits or conflicts therewith. The constitutional provision relates to the incurring of indebtedness or raising of the funds, and not to the manner of their expenditure. We anticipate that the qualified voters of a city might, upon proper submission of the question, authorize the purchase of some particular light or water plant and provide funds therefor without the necessity of having the same appraised prior to purchase, but such is not the case before us. Here the city council was expending funds provided for by vote of the people, and, as we view it, should have limited the expenditure to the estimate of the city engineer. If such estimate should have been found to have been too low, which is not the usual rule, then it should have been revised.

We are of the opinion, and hold, that section 4577, supra, is applicable to contracts such as the one involved in this case, and when it was established and shown at the trial of the cause, as was done, that the defendant city had paid to the plaintiffs on the contract an amount equal to the engineer's estimated cost of such work, then upon such showing and fact plaintiffs were not entitled to recover any further sum, and judgment should have been entered accordingly. This conclusion and holding is decisive and disposes of the other alleged error and proposition presented in the brief of plaintiffs relating to interest on the amount claimed.

For the reasons stated, the judgment is reversed, and the case remanded, with directions to the district court to enter judgment in the cause dismissing plaintiffs' action.

REID, FOSTER, EAGLETON, HERR, and DIFFENDAFFER, Commissioners, concur.

BENNETT, Commissioner, absent.

By the Court: It is so ordered.