CONFLICT OF INTEREST — SCHOOL BOARD MEMBER Where a member of a board of education of a school district also serves on the board of directors of a private corporation, a public construction contract may not be awarded to such corporation by the board of education; nor may such corporation serve as a subcontractor under a public construction contract where there is an understanding or agreement at the time the principal contract is made that the corporation will serve as subcontractor. There is no prohibition against the employment of a relative of a school board member by a corporate contractor or subcontractor under a public construction contract with the school district where the relative has no proprietary or ownership interest in the corporation. A corporation prohibited from contracting with a board of education under the conflict of interest statutes may not be exempted from such prohibition because the school board member abstains from discussing or voting on the award of a contract. The Attorney General has considered your request for an opinion on the following questions: "1. If a member of a board of education of a school district also serves on the board of directors of a corporation, can such corporation serve as (a) a contractor, and/or (b) a subcontractor under a 'public construction contract' awarded by the board of education? Assuming the following facts are true: an individual owns no stock, nor has any option to acquire stock in the corporation, nor does the individual receive any salary from the corporation. However, the individual is paid a fee for attending corporate directors' meetings and the individual has been, or may be, employed as a professional consultant by the corporation.) "2. After a public construction contract has been awarded by a board of education, can a relative within the third degree of a school board member be employed by (a) the contractor, and/or (b) a subcontractor under such contract? "3. If the board member abstains from participating in discussing or voting on awarding the contract, may a public construction contract be awarded to the corporation?" Your letter asks that the above questions be considered in connection with the Public Competitive Bidding Act of 1974. Section 14 of the Act (61 O.S. 114 [61-114] (1974)) provides as follows: "The chief administrative officer and members of the governing body of the awarding public agency authorizing or awarding or supervising the execution of a public construction contract, and their relatives within the third degree of consanguinity or affinity, are forbidden to be interested directly or indirectly through stock ownership, partnership interest or otherwise in any such contract. Contracts entered into in violation of this provision shall be void and persons willfully violating this provision shall be guilty of a felony and shall be subject to removal from office." Section 114 prohibits a member of a governing body such as a school board from having a direct or indirect interest "through stock ownership, partnership interest or otherwise" in a public construction contract awarded by the governmental entity. Your first question presents a situation in which the school board member has no proprietary interest in the corporation receiving the award of the contract. The applicable rule is stated in the second paragraph of the syllabus by the court in City of Tulsa v. Clark,119 Okl. 122, 249 P. 286 (1926): "General words following words of particular description are limited in meaning to the scope of the particular words, under the application of the rule 'ejusdem generis,' in considering the meaning of a statute." Under the rule of ejusdem generis, the particular terms "stock ownership" and "partnership interest" should be construed as limiting the general term "or otherwise" so that the latter includes only a proprietary or ownership interest in an entity awarded a public construction contract. Since your first question involves no such proprietary or ownership interest, Section 61 O.S. 114 [61-114] of Title 61 does not operate to prohibit the contract in question. Two other statutes are applicable, however, and would operate to void the contract. Title 70 O.S. 5-124 [70-5-124] (1971) provides: "No board of education of any school district in this state shall make any contract with any of its members or with any company, individual or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of a board of education shall be considered to be interested in any contract made with any company, individual, or any business concern if such member of the board of education or any member of his immediate family owns any substantial interest in same." Title 62 O.S. 371 [62-371] (1971) provides: "No board of county commissioners, nor city council, nor board of trustees of any town, nor any district board of any school district in this state shall make any contact with any of its members, or in which any of its members shall be directly or indirectly interested; and all contracts made in violation of this section shall be wholly void. "For the purposes of this section the depositing of any funds in a bank or other depository shall not be considered the making of a contract." A recent opinion of the Attorney General, Opinion No. 74-181 discusses the purpose of the conflict of interest statutes in the context of a school board member being employed by a prospective supplier to the school district: "While a school board's contract with a company with which a school board member is employed may be less likely to impair the independence of judgment of the member than where the member has an ownership interest in the company, the possibility remains that the school board member may be influenced to show allegiance to his employer as well as to the patrons of the school district. It is this possible conflict at which the statutes aim." We have held, therefore, that under the general conflict of interest statutes applicable to the school board members the school board member is not exempt from the prohibition by reason of having no ownership interest in a company doing business with the school district where another relationship exists which makes possible the impairment of the requisite independence of judgment such as being an employee of such company. We view the position of director of a private corporation doing business with a school district as within the scope of prohibited relationships for school board members. The temptation to a person holding both positions to choose his private allegiance over his public allegiance is apparent. This conclusion is consistent with opinion of the Attorney General No. 72-180 which held in part that a school district may not legally enter into a contract with a corporation where a school board member is an incorporator of the corporation. Our conclusion with respect to the position of corporate director makes unnecessary a consideration of that part of your question relating to a person serving periodically as a consultant to a corporation dealing with a school district. As to the second part of your first question, we find no statute which per se prohibits a contractor with a school district from subcontracting a part of the work to a corporation in which a school board member has a management interest. Nevertheless, this office has previously held in Opinions dated July 3, 1953, and April 17, 1961, that there would be a conflict of interest within the statutory provisions where there is an understanding or agreement at the time the principal contract is made that a member of the board of education would have a subcontract. We reaffirm the rule followed in such previous opinions. In response to your second question we find that of the three conflict of interest statutes applicable to school board members only that provided by 61 O.S. 114 [61-114] makes reference to the interest of relatives within the third degree of a member of the governing body. As discussed above, we view Section 114 as applicable only to ownership or proprietary interests and your second question which refers only to an employer-employee relationship is not governed thereby. Likewise, the reference in 70 O.S. 5-124 [70-5-124] (1971) to a member of the "immediate family" of the board member applies only where such relative "owns" an interest in the corporation and is inapplicable to your second question. Title 62 O.S. 371 [62-371] (1971) makes no reference to relatives of the board member. As to your third question, an examination of each of the three applicable conflict of interest statutes reveals that the prohibitions thereof relate to contracts entered into by a school board where any member of such board has a conflicting interest. The prohibitions are directed against the board as an entity rather than the vote of the individual member. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Where a member of a board of education of a school district also serves on the board of directors of a private corporation, a public construction contract may not be awarded to such corporation by the board of education; nor may such corporation serve as a subcontractor under a public construction contract where there is an understanding or agreement at the time the principal contract is made that the corporation will serve as subcontractor. There is no prohibition against the employment of a relative of a school board member by a corporate contractor or subcontractor under a public construction contract with the school district where the relative has no proprietary or ownership interest in the corporation. A corporation prohibited from contracting with a board of education under the conflict of interest statutes may not be exempted from such prohibition because the school board member abstains from discussing or voting on the award of a contract. (Joe C. Lockhart) ** SEE: OPINION NO. 87-522 (1987) ** ** SEE: OPINION NO. 88-542 (1988) ** ** SEE: OPINION NO. 79-202 (1979) ** ** SEE: OPINION NO. 79-183 (1979) ** ** SEE: OPINION NO. 80-134 (1980) **