Arthur Pope, d/b/a The Pixie Shop, Plaintiff-Appellee, v. Wanda H. Kaleta, Defendant-Appellant.

Gen. No. M–51,598.

First District, Second Division.

December 1, 1967.

James L. Ferstel, of Chicago, for appellant.

George E. Brogan, of Chicago, for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment for $1,303.58, and costs for plaintiff, Arthur Pope, d/b/a The Pixie Shop, against the defendant, Mrs. Wanda Kaleta, the cause being tried by the court without a jury. Liability was predicated upon the Family Expense Statute for clothing

purchases made between September, 1959, and May, 1961. The defendant appeals.

The plaintiff, a Chicago retail clothing store owner, had been friends with the defendant and her husband for about eighteen years. During this time he had often sold them wearing apparel for their own use and for that of their two children. Mr. Kaleta was an attorney and a contractor who aided the plaintiff in remodeling his retail store and in repairing his private residence. The compensation earned by Mr. Kaleta was credited against the sums owed to the plaintiff for clothing purchases.

Both parties had an understanding that the clothing items were to be sold at cost. Sales tickets were used to evidence the transaction. An original and two carbon copies were made simultaneously with the sale. The plaintiff retained the original and one carbon copy of the sales ticket whereas the purchaser (Mr. or Mrs. Kaleta) took the other carbon copy with the goods. The plaintiff did not otherwise record these credit sales, but kept the sales tickets loose in a drawer until Mr. Kaleta would inquire into the amount of his debt when he came in to settle. The plaintiff would then run an adding machine tape of the sales tickets, have Mr. Kaleta verify the figures, and allow Mr. Kaleta to destroy the plaintiff's carbon copy of the sales ticket, after he had made payment. The only record of the transaction then would be the original copy of the sales ticket, which was put with the daily cash register tapes after payment and made a part of the plaintiff's daily cash entry. The defendant (Mrs. Kaleta) did not pay these bills. Only her husband did. The defendant never discussed payment with the plaintiff and knew nothing about how the clothing bills were paid.

Mr. Kaleta died in June, 1964, and in December, 1964, the plaintiff filed his complaint against the defendant asking for $2,553.48 and interest, based on the Family

Expense Statute. In her answer the defendant pleaded among other things: (1) that the five-year statute of limitations negated some of the items sued for, and (2) that full payment by her husband in his lifetime negated the entire debt. The plaintiff did not file a reply to these matters.

At the trial, the plaintiff excluded $187.18 of the amount specified in his complaint, and he also mentioned $444 was owed to Mr. Kaleta's estate for carpentry work done by the decedent on the plaintiff's boat. A further sum of $618.72 representing the defendant's savings and checking account balances had been garnisheed by the plaintiff, on which a default judgment had been entered, had never been refunded to defendant after the judgment had been vacated. This reduced the amount in controversy to $1,303.58. When the plaintiff sought to testify concerning the transactions giving rise to his cause of action, the defendant objected on the ground that she was being sued as the heir of a deceased person (Mr. Kaleta) and as a party to this civil action, his proffered testimony would be incompetent under the Dead Man's Act. The court overruled the objection and allowed the plaintiff to testify. When the plaintiff sought to introduce into evidence the originals of the sales tickets, the defendant objected on the grounds they related to transactions with a deceased person who could not refute this testimony and that they were also self-serving documents. The court permitted them to be admitted into evidence. Almost half of the sales slips admitted into evidence contained the month and the day of the purchase, but not the year. None of the sales tickets were signed by the defendant or her husband, but all of them had either the name "Wanda K.," "Wanda," "Mrs. Kaleta," "Charles Kaleta," or "Kaleta" appearing at the top. The invoice numbers which these sales tickets bore did not generally follow any chronological sequence. None of the sales tickets

indicated if the sale was made on credit or on any other basis.

After the plaintiff's testimony and the introduction of the sales tickets into evidence, the defendant was called by the plaintiff as an adverse witness under section 60 of the Civil Practice Act. She furnished no new information but she did admit receiving some of the merchandise from The Pixie Shop. Immediately after so testifying and before being examined by her own attorney as to any defenses she might have, the defendant rested her case.

The court entered judgment for the plaintiff in the amount of $1,303.58 and stated the $444 credit in favor of the decedent's estate for repairs to plaintiff's boat was adjudged to be satisfied by allowance against the plaintiff's judgment.

On appeal, the defendant-appellant contends: (1) plaintiff's failure to file a reply to the new matters raised in defendant's answer (i. e., affirmative defenses) constituted an admission of their truth by the plaintiff under sections 32 and 40(2) of the Civil Practice Act; (2) the trial court erred in permitting the plaintiff to testify in his own behalf against the defendant who was defending as an "heir" under the Dead Man's Act; (3) the trial court erred in admitting the sales tickets into evidence under Ill Rev Stats (1965) chapter 51, section 3, as the plaintiff's cause of action was not founded on a book account or any other record or document; (4) the trial court erred in applying the ten-year statute of limitations to these debts rather than the five-year statute of limitations, since the plaintiff's cause of action is based on a statute and not any evidence of indebtedness in writing.

In response, the plaintiff-appellee contends: (1) the requirement of a reply to an affirmative defense is waived where a defendant proceeds to trial without objection and raises the point for the first time on appeal, rather than in the trial court; (2) the plaintiff was a

competent witness at the trial because the defendant was not defending as an "heir" but rather was defending as a spouse under the Family Expense Statute; (3) the sales tickets were properly introduced into evidence under Rule 5 of the Civil Practice Rules of the Municipal Court of which this court must take judicial notice; (4) the trial court properly applied the ten-year statute of limitations because the sales tickets introduced into evidence constituted "other written evidence of indebtedness" under Ill Rev Stats (1965) chapter 83, section 17.

The defendant's first contention is for judgment in her favor as a matter of law based upon the pleadings. This is grounded on the contention that the defendant did not have to meet her burden of proof concerning the five affirmative defenses raised for the first time in her answer, since the plaintiff's failure to reply to them amounted to an admission thereof on the face of the pleadings, under sections 32 and 40(2) of the Civil Practice Act. The five affirmative defenses can be grouped into three legal theories; (1) statute of limitations; (2) full payment by defendant's husband in his lifetime by paying cash or performing services for the plaintiff; (3) nonliability under the Family Expense Statute, because purchases were gifts for nonfamily members and the plaintiff sold the items relying solely on the deceased husband's credit.

The last legal theory is not an affirmative defense raising a new matter, but, in substance, is a denial of plaintiff's allegation that liability can be based upon the Family Expense Statute. In a similar situation in Snyder v. Robert A. Black, Inc., 53 Ill App2d 327, 203 NE2d 1 (1964), at page 332 the court stated:

"There is no requirement that a plaintiff must deny a defendant's denials of the allegations which were asserted in the complaint. The answer merely joined the issues and did not raise any affirmative defense or new matter which required a reply."

In this case, defendant's denial of any liability under the Family Expense Statute did not require the plaintiff to reply in order to avoid an admission. The defendant did raise in her answer the affirmative defense of full payment, but the plaintiff anticipated and negatived this defense in his complaint when he alleged he had not been paid although often requesting payment. In re Estate of Braun, 330 Ill App 322, 71 NE2d 364 (1947), it was held that where a complaint meets and negatives matters set up in an answer, no reply to the answer is necessary, as no "new matter" by way of defense is pleaded in the answer requiring a reply under sections 32 and 40(2) of the Civil Practice Act. The plaintiff in this case has likewise anticipated and negatived the defense of full payment by alleging in his complaint that he had not been paid although often requesting it. Hence, no reply to this matter raised in the defendant's answer was required.

■ As to the statute of limitations, it is apparent from the complaint and the answer that issue was joined on this point. The complaint and summons shows when the action was commenced and the allegations of the complaint give the various dates on which the causes of action accrued. The answer shows the defendant is relying on the five-year statute of limitations. Thus, the court can observe from these two pleadings that some of the invoices are barred by the statute of limitations, if the five-year statute is adopted. No reply by the plaintiff is required. If the complaint and answer effectively raise the issue, there is no need for a reply. Salone v. Reck, 32 Ill App2d 308, 177 NE2d 879 (1961). We hold that the plaintiff did not admit the truth of the affirmative defenses raised for the first time in defendant's answer by not filing a reply. A reply was not required in the circumstances.

The defendant's second contention is that the plaintiff was an incompetent witness at the trial under the Dead

67

Man's Statute, Ill Rev Stats (1965) chapter 51, section 2, because he was a party to a civil action testifying on his own motion and the defendant was an adverse party defending in a representative capacity; i. e., as heir of her husband. This contention is answered by the fact that the defendant was not being sued in any representative capacity, but rather was being sued for her own separate liability under the Family Expense Statute, Ill Rev Stats (1965) chapter 68, section 15, which provides:

> "The expenses of the family . . . shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

In this case the complaint alleges, and plaintiff's counsel in his opening statement reiterated, that this suit was brought under the Family Expense Statute and that the defendant was being sued for her separate liability thereunder. Since the defendant was not being asked to defend in a representative capacity, but rather was defending her own separate and individual liability under the Family Expense Statute, the Dead Man's Statute is not involved. Even if defendant's husband were alive, the defendant could still be sued alone for her separate liability under the Family Expense Statute. The trial court properly ruled that the plaintiff was a competent witness.

The defendant's third contention is that the plaintiff's sales slips should not have been admitted into evidence under Ill Rev Stats (1965) chapter 51, section 3, as his cause of action was not founded on any document, but was founded on an oral contract of sale with the sales slips being merely memos thereof. At the trial, the plaintiff argued for their admission under this statute, but in his brief on appeal, he asks this court to take judicial notice of Municipal Court Rule 5, permitting the

admission of memorandums made in regular course of business. The defendant counters that the plaintiff cannot raise Municipal Court Rule 5 for the first time on appeal. The plaintiff's cause of action is based on a statute and not on an oral contract or written document. Ill Rev Stats (1965) chapter 51 section 3, cannot be used to permit these sales slips to be admitted into evidence, because plaintiff's cause of action is based on a statute and not on the sales slips.

As to the question of judicial notice, Ill Rev Stats (1965) chapter 51, section 48b provides:

> "Upon the review by any court of appellate jurisdiction by appeal, writ of error or otherwise, of a judgment, order or decree of an inferior court such court of appellate jurisdiction shall take judicial notice of all matters of which such inferior court was required to take judicial notice, including all rules of practice adopted by such inferior court. . . ."

Prior to the passage of this statute in 1929, the Illinois common law was that the reviewing courts would not take judicial notice of the rules of a court of inferior jurisdiction unless the rules appeared in the record. In the case of Capital State Sav. Bank v. Larson, 255 Ill App 479 (1930), the defendant contended that the Illinois Appellate Court could not take judicial notice of a Municipal Court Rule, as it was not incorporated into the record and hence the plaintiff could not raise it for the first time on appeal. The court disagreed, stating Ill Rev Stats, chapter 51, section 48b, now gave it that power. To the same effect is Paulick v. National Bank of Republic, 279 Ill App 160 (1935).

■ Hence, this court will take judicial notice of Municipal Court Rule 5, which states:

> "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum

or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, or event, if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter."

Under this rule the sales slips could have been properly admitted into evidence. The plaintiff testified they were writings made as a record of a transaction and such writings were made in the regular course of his business, simultaneously with the sale. Hence, it was not error for the trial court to admit the plaintiff's sales slips into evidence.

The defendant finally contends that the five-year statute of limitations should have been applied to the plaintiff's cause of action. She urges it was error for the trial court to apply the ten-year statute of limitations based on the plaintiff's contention in the trial court and renewed on appeal, that his suit is an action on "other written evidence of indebtedness" under Ill Rev Stats (1965) chapter 83, section 17. As indicated above, this court finds that plaintiff's cause of action is based on a statute, the Family Expense Statute, and not on an oral contract or "other written evidence of indebtedness." The complaint specifically alleges Family Expense Statute liability and plaintiff's counsel reiterated this in his opening statement to the court.

The Family Expense Statute does not contain a statute of limitations section, therefore, the general statute of limitations found in chapter 83 controls. In Seymour v. Union News Co., 217 F2d 168 (CA 7th Cir 1954), a wife was suing, under diversity jurisdiction, for her husband's medical bills which she had paid. His illness was due to his eating unwholesome food in the defend-

ant's restaurant. Her husband's suit had been dismissed in the Illinois courts under the two-year statute of limitations applicable to personal injuries, but his wife was now suing under the Illinois Family Expense Statute for his medical bills. The trial court sustained the defendant's motion to dismiss the complaint applying the two-year statute of limitations, but the Court of Appeals reversed and remanded relying upon Roth v. Lundin, 237 Ill App 456 (1925), and stating that under Illinois law, actions brought under the Family Expense Statute are governed by Ill Rev Stats (1965) chapter 83, section 16, since they are ". . . all civil actions not otherwise provided for . . . ." and hence the five-year statute of limitations applied.

Since plaintiff's cause of action here was based upon the Family Expense Statute, the five-year statute of limitations applied to the various sales slips introduced into evidence. The complaint was filed on December 29, 1964. Consequently, all sales slips dated from September 2, 1959, to December 29, 1959, are barred by the five-year statute of limitations. They total $1,110.44. The judgment is reduced from $1,303.58 to $193.14 and costs and as so reduced the judgment is amended, and as amended, is affirmed.

Judgment affirmed as amended.

BURKE and BRYANT, JJ., concur.