ALBERT H. BEAVER, Plaintiff-Appellee, *v.* ROBERT F. OWENS, Defendant-Appellant.

(No. 58414;

First District (1st Division)—June 26, 1974.

Robert F. Owens, *pro se.*

Roger D. Klaus, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The plaintiff brought suit to recover attorney's fees due him for his representation of the defendant in a divorce action. Following a bench trial, judgment was entered in favor of the plaintiff in the amount of $1,075.75.

The issues presented on appeal are: (1) whether the defendant was denied due process of law and a fair trial; (2) whether the trial court committed prejudicial error in hearing the plaintiff's testimony; (3) whether the court erred in sustaining oral objections made by plaintiff's counsel and ruling against the defendant's pleadings; (4) whether the defendant's rights were prejudiced by the court's interruptions of defendant's arguments; and (5) whether the judgment in favor of the plaintiff was against the manifest weight of the evidence.

On January 9, 1970, the plaintiff, Albert H. Beaver, an attorney licensed to practice in the State of Illinois, was requested to represent the defendant, Robert F. Owens, in a pending divorce action. At that time an agreement was arrived at between the plaintiff and the defendant whereby plaintiff required a $500 retainer fee, with the balance of fees to be based upon the amount of work and time involved and the results achieved. Subsequent to the January 9 meeting, the plaintiff engaged in numerous telephone conversations, meetings, depositions and court appearances on behalf of the defendant in order to reach a settlement of the divorce matter without the necessity of a trial. Settlement became impossible, however, and the matter proceeded to trial. At the conclusion of the trial the defendant was awarded his home in Oak Park, approximately valued at $45,000, and did not have to make any alimony or child support payments. The defendant was subsequently billed by the plaintiff in the amount of $1,075.75. The defendant refused to pay the plaintiff said amount, and plaintiff initiated his action to collect his attorney's fees. Following a bench trial, the plaintiff was awarded attorney's fees in the amount of $1,075.75.

■■ The defendant first contends as a result of proceeding *pro se* in the instant case he was denied due process of law and a fair trial. The defendant's contention is without merit. At the outset of the trial, the defendant was informed by the court he could still obtain the services of an attorney or, if he did not wish to do so, proceed *pro se*. The trial judge cautioned the defendant that an attorney could better represent him in the instant case than if he chose to proceed alone. The defendant rejected the court's words of warnings and voluntarily chose to represent himself. Defendant cannot now complain he was denied due process of law and a fair trial.

The defendant's second contention is the trial court committed prejudicial error in hearing the plaintiff's testimony. Defendant maintains the plaintiff had a duty to file a reply pleading to the defendant's second amended answer and upon failure to do so, plaintiff should not have been allowed to present his oral testimony.

■■ We do not agree with the defendant's contention. The second amended answer filed by the defendant was identical to the defendant's counter-complaint which was stricken by the court on the plaintiff's motion. Defendant's second amended answer did not raise new matter by way of an affirmative defense. It is well settled that where an answer does not plead any new matter whatever or constitute an affirmative defense, no reply to the answer is necessary. *Pope v. Kaleta* (1967), 90 Ill.App.2d 61.

The defendant next contends the court erred in sustaining plaintiff's counsel's oral objections to defendant's pleadings and ruling against the defendant's pleadings.

■■ A review of the record indicates an order was entered by the trial judge permitting all pleadings to stand as to form in order that the defendant could have his case tried on the merits rather than be defeated on a pleading technicality. Therefore, the defendant's contentions are without merit since, as a matter of fact and as a matter of law, the trial court made no ruling either in favor of or against the defendant's second amended answer, and any objections raised by the plaintiff went to the merits of the cause.

The defendant next contends his rights were prejudiced by the trial court's interruptions of his arguments.

We believe what the defendant labels as prejudicial interruptions were in fact admirable attempts by the trial judge to aid and guide the defendant in properly presenting his case so his rights would be fully asserted. The defendant refused and resisted the court's attempt to lend a helpful hand and cannot now complain he was prejudiced in any manner.

The defendant finally contends the judgment in favor of the plaintiff was against the manifest weight of the evidence. Defendant argues the fee charged by the plaintiff and imposed by the trial court was excessive.

■ We believe the judgment in favor of the plaintiff was proper. A review of the record indicates the plaintiff testified to several court appearances made on behalf of the defendant, telephone conversations, depositions, and meetings to arrive at a settlement of the divorce matter without the necessity of a trial. When a settlement became impossible, plaintiff proceeded to trial. At the trial, the defendant was awarded his home, valued at approximately $45,000, free of any interest in his wife, and did not have to make alimony or child support payments. Even after

finalization of the divorce decree the plaintiff continued to perform services for the defendant. In light of the amount of work and time involved, and the results plaintiff obtained for the defendant in the divorce proceeding, the sum of $1,075.75 as attorney's fees was equitable, and the judgment of the trial court was supported by the evidence.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.