GRUNDY COUNTY NATIONAL BANK, Plaintiff-Appellee, v. WALTER J. OLSEN, Defendant-Appellant (J. George Smith *et al.*, Defendants).

Second District   No. 2—88—0382

Opinion filed February 2, 1989.—Rehearing denied March 8, 1989.

Robert L. Collins, of Carol Stream, for appellant.

James M. Breen and David S. Barritt, both of Chapman & Cutler, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This appeal arises from a judgment of foreclosure and sale entered by the circuit court of Kendall County in favor of plaintiff, Grundy County National Bank. Plaintiff held legal title to the property which is the subject of this appeal in its capacity as land trustee under land trust Nos. 446 and 682. Defendant, Walter J. Olsen, one of the beneficiaries under the land trusts, executed promissory notes

with plaintiff secured by a trust deed and the collateral assignment of his beneficial interest in the land trusts. Olsen defaulted, and plaintiff brought the instant action as creditor of the land trusts. Olsen raises three issues on appeal: (1) whether plaintiff breached its fiduciary duty of loyalty as land trustee of trust Nos. 446 and 682 by charging excessive interest on the notes and by failing to provide an accounting; (2) whether the trust agreement and trust deed creating trust No. 682 were valid; and (3) whether a settlement agreement executed between plaintiff and other debtors constituted a release of Olsen as a joint obligor. We affirm.

Plaintiff brought its original action for foreclosure on December 20, 1983. On September 28, 1986, plaintiff filed its amended complaint for foreclosure.

Count I of plaintiff's amended complaint sought to foreclose on the beneficial interests of Walter J. Olsen and Janice B. Olsen in trust No. 682, the legal title of which was held by plaintiff as trustee through a trust agreement executed on February 1, 1979. The Olsens each held an undivided 50% interest in trust No. 682. Count I alleged that, on April 5, 1979, the Olsens assigned their respective interests in trust No. 682 to plaintiff as security for any and all indebtedness and liability to plaintiff whether then existing or thereafter created. Count I further alleged that the Olsens became indebted to plaintiff on three obligations: two notes dated May 18, 1982, and a personal guaranty on their payment of a note executed pursuant to the terms of a loan extension agreement. According to plaintiff, the Olsens defaulted on those obligations when they became due.

Count II of plaintiff's amended complaint sought to foreclose on a trust deed securing another debt. Count II alleged that, on January 11, 1977, the Olsens and J. George Smith and Anna M. Smith entered into a trust agreement with plaintiff creating land trust No. 446. Plaintiff held the legal title of the property in that trust as trustee, and each of the Olsens and the Smiths held an undivided 25% interest in the beneficial interest of trust No. 446. On April 1, 1977, the Olsens and the Smiths executed an installment note with plaintiff and secured that note with a trust deed for the property, also executed on that date. Each of the beneficiaries subsequently executed a guaranty personally guaranteeing payment of the installment note. According to plaintiff, the Olsens defaulted on the installment note when it became due.

Count III of plaintiff's amended complaint sought to foreclose on the beneficial interests of the Olsens and the Smiths in trust No. 446. Count III alleged that the beneficiaries each assigned their beneficial

interests in trust No. 446 as security for all liability and indebtedness then existing or thereafter created by them. According to plaintiff, the Olsens and Smiths defaulted on the installment note and guaranty.

Prior to the filing of plaintiff's amended complaint, defendant, Janice Olsen, died and her daughter, Barbara Olsen Michael, was joined as a defendant in her capacity as heir of Janice Olsen's estate. In their answer to plaintiff's amended complaint, Walter Olsen and Barbara Olsen Michael raised numerous affirmative defenses and counterclaims alleging that plaintiff breached its fiduciary duties as land trustee. For their part, the Smiths entered into a settlement agreement with plaintiff. That agreement provided that the Smiths would consent to foreclosure of the property held in trust No. 446 in exchange for plaintiff's agreement to limit its recourse against them to foreclosure of the collateral.

On May 12, 1987, plaintiff moved for summary judgment against Barbara Olsen Michael. That motion was granted insofar as it related to plaintiff's amended complaint and Michael's answer and affirmative defenses, but denied as to her counterclaim. Plaintiff subsequently moved for summary judgment against Walter Olsen. On November 17, 1987, the trial court filed a signed, written memorandum granting plaintiff's motion for summary judgment against Olsen. That memorandum further directed plaintiff to prepare a written order in accordance with its findings; however, no such order appears in the record. On March 1, 1988, plaintiff renewed its motion for summary judgment against Barbara Olsen Michael. Although no order disposing of that motion can be found in the record, the subsequently entered judgment of foreclosure acknowledged that summary judgment had been entered against both Olsen and Michael as to their answer, affirmative defenses, and counterclaims.

On March 10, 1988, the trial court entered a judgment for foreclosure and sale regarding the property held in land trust Nos. 446 and 682. Olsen's motion for reconsideration was denied on March 25, 1988. On April 18, 1988, Olsen filed the instant appeal. No other defendant has filed an appeal in this action. Olsen's motion to stay enforcement of the judgment was denied, and the property was subsequently sold. Plaintiff purchased the property held in trust No. 682, and a third party purchased the property held in trust No. 446. On May 13, 1988, the trial court approved the sheriff's report of sale and distribution.

Before addressing Olsen's contentions, we note that we have been handicapped in our consideration of this cause by a poorly prepared record and an inadequate appellant's brief. The record contains nu-

merous documents, pleadings, and transcripts which Olsen states are relevant to this appeal; however, neither his brief nor the appendix to his brief contains a "complete table of contents, with page references, of the record on appeal" in violation of Supreme Court Rule 342(a) (122 Ill. 2d R. 342(a)). Moreover, Olsen's citations to the record are incomplete, his statement of issues is unclear, and his arguments are cursory and incomprehensible. In order to simply determine the nature of the issues before us and Olsen's position on those issues, we were forced to look at prior pleadings filed in the trial court, the trial court's memorandum decision on plaintiff's motion for summary judgment, and plaintiff's responsive brief. Finally, we note that Olsen provided us with little relevant or contemporary authority to support his claims and boldly and incorrectly asserted that no citation was necessary for two of his arguments. Notwithstanding the presentation of the appeal, we have reviewed the claims on the record and briefs provided.

Olsen first contends that plaintiff breached its fiduciary duty as land trustee because it charged excessive interest rates and failed to provide an accounting of the sums borrowed, interest charged, and amounts collected. We disagree.

Olsen's argument, at least initially, was premised on our supreme court's decision in *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232. In *Zarkin*, the court stated that land trustees were subject to the same fiduciary duties imposed by law on all trustees. (89 Ill. 2d at 239.) While this fiduciary relationship would not prohibit a land trustee from having direct dealings with its beneficiary, such as extensions of credit secured by the beneficiary's beneficial interest in the trust, the land trustee is nevertheless bound by its duty of loyalty to the beneficiary. (89 Ill. 2d at 245-46.) The court stated:

> "The fiduciary obligation of loyalty flows not from the trust instrument but from the relationship of trustee and beneficiary. The essence of this relationship is that the former is charged with equitable duties toward the latter. The law imposes the duty, whether the trust instrument mentions it or not. [Citations.]
>
> The trustee's duty to serve the interests of the beneficiary with complete loyalty, excluding all self-interest, prohibits him from dealing with the trust property for his individual benefit." (89 Ill. 2d at 239.)

The court went on to hold that the trustee's duty of loyalty would preclude its acquisition of the trust property adverse to the benefi-

ciary. 89 Ill. 2d at 246.

In response to the supreme court's decision in *Zarkin*, the Illinois legislature enacted Public Act No. 82—891, "An Act in relation to land trusts and the power and authority of trustees of land trusts to deal with trust property" (Act) (Ill. Rev. Stat. 1983, ch. 148, par. 81 *et seq.*). The Act expressly states that its purpose is to codify the accepted practice of a creditor lending money to the trustee or the beneficiaries of a land trust and securing that debt with the trust property or the beneficiaries' interest in the trust even when the creditor and the trustee are the same. (Ill. Rev. Stat. 1983, ch. 148, par. 81(b).) The Act provides, in pertinent part:

"If a debt is secured by a security interest in a beneficial interest in a land trust or by a mortgage on land trust property, neither the validity or enforceability of the debt, security interest or mortgage nor the rights, remedies, powers and duties of the creditor with respect to the debt or the security shall be affected by the fact that the creditor and the trustee are the same person, and the creditor may extend credit, obtain such security interest or mortgage, *and acquire and deal with the property comprising the security as though the creditor were not the trustee.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 148, par. 82.)

The Act further states:

"The fact that a trustee of a land trust is or becomes a secured or unsecured creditor of the land trust, the beneficiaries of the land trust, or a third party whose debt to such creditor is guaranteed by a beneficiary of the land trust, *shall not be a breach of, and shall not be deemed evidence of a breach of, any fiduciary duty owed by said trustee to the beneficiaries.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 148, par. 83.

Subsequently, in *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 29, the supreme court acknowledged that the Act was the legislature's response disapproving of the court's earlier decision in *Zarkin* and held that retroactive application of the Act is constitutional. In a separate dissent, three justices argued that the legislature's attempt to change the law retroactively by purporting to overrule a decision of a reviewing court was unconstitutional as a violation of the doctrine of separation of powers and under the due process and contract clauses of both the State and Federal Constitutions. 108 Ill. 2d at 53.

Notwithstanding the legislature's codification of the practice of land trustees acting as creditors for beneficiaries of the land trusts they serve, and the supreme court's subsequent conclusion that retro-

active application of that Act is constitutional, Olsen argues that the only practice approved of was the trustee's purchase of the trust property in a foreclosure sale. Olsen argues that all other fiduciary duties of a trustee to a beneficiary remain intact. This interpretation runs contrary to the express purpose and language of the Act.

■ We agree that a land trustee, notwithstanding his subsequent status as creditor, is always bound to the provisions and duties imposed by the trust agreement. However, the Act clearly states that when a land trustee becomes a secured creditor of the land trust, that fact shall not be a breach nor evidence of a breach of *any fiduciary duty owed by the trustee to the beneficiaries.* (Ill. Rev. Stat. 1983, ch. 148, par. 83.) In such a case, neither the validity nor the enforceability of the debt or the creditor's rights with respect to the debt or security shall be affected by the fact that the creditor and the trustee are the same. (Ill. Rev. Stat. 1983, ch. 148, par. 82.) The *Sanelli* court recognized this distinction when it stated that the "lengthy recitation of legislative findings and the statement of purpose contained in the Act clearly set forth the intent of the legislature that traditional trust limitations, as defined in *Zarkin,* should not be imposed to prevent a land trustee from borrowing from itself upon the security of the trust property." (*Sanelli,* 108 Ill. 2d at 22.) Accordingly, Olsen's contentions that plaintiff breached its fiduciary duties as land trustee through its conduct as a creditor are without merit.

■ Olsen next contends that the signatures of him and his wife on the trust agreement creating trust No. 682 are not valid. While plaintiff questions whether Olsen properly raised this issue at trial and therefore waived it here, we note that Olsen acknowledged in his answer to the amended complaint and in his deposition that he and his wife signed the trust agreement, and he further stated in his deposition that his intent was to transfer the property into land trust No. 682. Accordingly, Olsen's contention has no merit.

■ Finally, Olsen argues that a settlement agreement executed between plaintiff and the Smiths whereby the Smiths consented to the foreclosure of the property encompassing trust No. 446 in exchange for plaintiff's agreement to limit its recourse against the Smiths to foreclosure of the collateral constituted a release of Olsen as a joint obligor. We disagree.

Initially, we note that Olsen failed to cite any authority supporting his contention that the agreement releasing the Smiths constitutes a release of his own obligations. Thus, we consider Olsen's argument waived. See 113 Ill. 2d R. 341(e)(7).

In any event, we note that Olsen mischaracterizes the agreement

and thus misinterprets its legal effect. Generally, the release of one joint obligor releases all others unless a contrary intent appears from the face of the instrument. (See *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 195; *Pate v. City of Sesser* (1979), 75 Ill. App. 3d 233, 237-38; *Kerr v. Schrempp* (1945), 325 Ill. App. 614, 619-20.) The agreement in the instant action, captioned "Settlement Agreement, Consent to Foreclosure, and Partial Release," provided that the Smiths would consent to the foreclosure of the property involved in trust No. 446 in exchange for plaintiff's agreement to *limit its recourse against the Smiths to the collateral only*, and not pursue a deficiency judgment in the subsequent foreclosure sale. That agreement further released the Smiths from all claims held by plaintiff *but reserved the right to enforce those claims in foreclosure.* Thus, the settlement agreement constitutes a covenant not to sue the Smiths for a deficiency and does not constitute a general release of liability. Therefore, Olsen's contention that this agreement constitutes a release of his obligations as a joint obligor has no merit.

For the above stated reasons, we affirm the judgment of the trial court.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.