JAMES KELLER, Plaintiff-Appellant, v. BOATMAN'S BANK, f/k/a Belleville National Bank, Defendant-Appellee.

Fourth District   No. 4—89—0141

Opinion filed August 4, 1989.

Alfred B. LaBarre, of Heckenkamp, Simhauser & LaBarre, of Springfield, for appellant.

Steven M. Wallace, of Carr, Korein, Schlichter, Tillery, Kunin & Montroy, of East St. Louis, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff's amended complaint alleged defendant breached statutory duties owed to plaintiff under the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1987, ch. 26, par. 1—101 *et seq.*). Defendant argued section 13—205 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—205) barred the complaint because it was not timely filed and did not relate back to an earlier complaint. These

are the issues raised on appeal. We reverse the decision of the trial court for the reasons specified herein.

On August 14, 1980, Juici-Rich Products, Inc., a Springfield-based company engaged in the production and sale of fresh fruit juices, entered a written lease agreement with L & L Financial Corporation (L & L) to lease a "Form-Pak" filling/sealing machine. L & L purchased the machine from R.H. Packaging Systems, Inc., of Clearwater, Florida. Defendant bank financed L & L's purchase of the machine. As consideration, L & L issued three demand notes to defendant totalling $123,715.72. As security for the notes, L & L assigned its interest in the lease, among other things, to defendant. Juici-Rich claims it purchased a certificate of deposit (CD) for $20,000 from defendant on February 24, 1981, to be held on deposit at defendant bank. As additional security for the demand notes and lease, James R. Keller, president and shareholder of Juici-Rich, personally and as guarantor of the demand notes, assigned the certificate of deposit to the bank on March 31, 1981.

The assignment was made to secure payment and performance of the following: All notes issued by L & L showing advances by the bank in connection with the purchase of the machine, all obligations of Juici-Rich as lessee of the machine, and any additional sums subsequently advanced by the bank in connection with the purchase and lease of the equipment. Keller assigned all rights, title, and interest in the CD, to be held by the bank until the bank released it or until the expiration of the equipment lease. In the event of default by L & L or Juici-Rich under the equipment lease, the assignment gave the bank authority to liquidate or otherwise realize on the CD and apply the proceeds to the indebtedness, without notice or demand.

The machine delivered by R.H. Packaging was unacceptable to Juici-Rich. L & L defaulted on the demand notes. On January 26, 1982, the circuit court of Sangamon County filed its final order in a replevin action brought by the bank against Juici-Rich, case No. 81–LM–1425. The court found Juici-Rich wrongfully detained items of personal property the bank was entitled to possess. The court held Juici-Rich in default for refusing to surrender the property after demand and awarded the bank final judgment for possession. On July 28, 1982, the bank cashed the certificate of deposit then worth $23,253.32. The bank repossessed the machine and sold it on October 25, 1982, for $124,808.34. The bank distributed $33,191.66 of the proceeds from the CD and the sale of the machine to R.H. Packaging Company and retained the remainder.

Juici-Rich filed a lawsuit against defendant bank in Sangamon

County on September 9, 1986. The complaint alleged Juici-Rich purchased a $20,000 CD from defendant bank on February 24, 1981, and never pledged or assigned any interest in the CD to defendant bank. Juici-Rich alleged defendant bank unlawfully converted the CD and applied the proceeds for its own benefit on July 28, 1982. Defendant bank refused to pay Juici-Rich and so Juici-Rich sought damages in excess of $23,253.32 plus interest.

Defendant bank filed its answer and motion to dismiss on October 20, 1986, denying Juici-Rich had standing to sue. Defendant claimed Juici-Rich did not purchase the CD and never owned it. A photocopy of the CD shows James Keller's name on the document as depositor of the $20,000. The CD was nonnegotiable and nontransferrable. The bank's answer went on to state:

> "Because of defaults by L & L Financial Corporation and because of default by [Juici-Rich] under the referenced equipment lease, as specifically authorized in the last paragraph of said Assignment, Defendant properly setoff, liquidated, and realized the proceeds of said [CD] to apply on obligations secured by said Assignment ***."

Finally, the bank claimed the setoff of the CD was proper under the terms of the final judgment issued January 26, 1982.

On December 15, 1986, the trial court granted defendant's motion to dismiss with leave to amend. James Keller filed an amended complaint against defendant bank on December 2, 1987. He alleged the bank's distribution to R.H. Packaging violated section 9—504(1)(a) of the UCC (Ill. Rev. Stat. 1987, ch. 26, par. 9—504(1)(a)) and claimed the surplus funds should have been distributed to him pursuant to section 9—504(2). Defendant filed a motion on January 8, 1988, to transfer the case to St. Clair County, Illinois, or, alternatively, dismiss it. Defendant claimed it does not do business in Sangamon County and is not a resident of that county. None of the documents executed pursuant to the transactions described above were executed in Sangamon County. The CD was purchased and delivered in St. Clair County, Illinois. The machine was not purchased in Sangamon County. Defendant urged transfer of the case to St. Clair County, a more accessible forum for documents and witnesses.

On January 11, 1988, defendant filed a motion to dismiss alleging a cause of action did not accrue within five years before the lawsuit was filed, as required by section 13—205 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—205). Defendant claimed Keller's amended complaint did not relate back to the date Juici-Rich filed its complaint against defendant because Keller's complaint stated a new cause of

action by a new party. Thus, the action was barred by section 13—205 of the Code. Alternatively, defendant sought involuntary dismissal of the lawsuit pursuant to section 2—619(a)(9) of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).) The 1986 lawsuit by Juici-Rich against defendant was dismissed with leave to file an amended complaint. Juici-Rich never filed an amended complaint and defendant argues Keller's complaint does not qualify as the amended complaint as it is by a new party and states a new cause of action. On January 10, 1988, the Sangamon County circuit court entered a docket entry granting defendant's motion for involuntary dismissal. Plaintiff appeals.

The first issue on appeal concerns the applicable statute of limitations. Plaintiff argues his action is one based on a written contract and is subject to the 10-year limitation found in section 13—206 of the Code. Defendant asserts the five-year limitation found in section 13—205 of the Code is applicable because plaintiff's complaint alleges defendant abridged a statutory duty owed under the UCC and falls within the "all civil actions not otherwise provided for" category. Ill. Rev. Stat. 1987, ch. 110, par. 13—205.

Counts XVII and XVIII of plaintiff's complaint read as follows:

"XVII. The distribution of $33,191.66 to R.H. Packaging was improper and in violation of Illinois Revised Statutes, chapter 26, paragraph 9—504(1).

XVIII. Proceeds in excess of those retained by defendant constitute a surplus and should have been distributed to plaintiff JAMES KELLER pursuant to Illinois Revised Statutes, chapter 26, paragraph 9—504(2)."

The Illinois Supreme Court in *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505, 507, stated: "We think that it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." In that case the court agreed with the plaintiff wife that a loss of consortium action is a "civil action not otherwise provided for" and applied the five-year limitation period rather than the two year period for personal injury suits. In *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142, the plaintiff's suit alleged malicious prosecution by defendant. Defendant moved to dismiss, claiming the two-year statute of limitations for malicious prosecution had expired. Plaintiff argued the five-year limit for damaged personal property applied because defendant's actions hindered and prevented her from conducting her affairs and business. The court wrote:

"In analyzing plaintiff's theory, we note, first, that sections 13, 14 and 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, pars. 14, 15, 16) were framed by the Legislature not '*** upon the form of the particular action named but on the particular injury sued for or upon the obligation out of which the action grows.' (*Handtoffski v. Chicago Consolidated Traction Co.* (1916), 274 Ill. 282, 285, 113 N.E. 620.)" *Stanger*, 97 Ill. App. 3d at 587, 422 N.E.2d at 1144.

■ Plaintiff's complaint clearly alleged defendant abridged a statutory duty, not a written contract. The 10-year limitation period found in section 13—206 does not apply unless the action is on the contract itself. (*Bates v. Bates Machine Co.* (1907), 230 Ill. 619, 82 N.E. 911; *Handtoffski v. Chicago Consolidated Traction Co.* (1916), 274 Ill. 282, 113 N.E. 620.)

"Causes of action arising on statutes or ordinances are not written contracts within the meaning of the Limitation Act. *Rath v. City of Chicago* [1917], 207 Ill. App. 117; *N.K. Fairbank Co. v. City of Chicago* [1910], 153 Ill. App. 140; *Parmelee v. Price* [1904], 208 Ill. 544; *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* [1938], 369 Ill. 480." (*Lyons v. County of Morgan* (1942), 313 Ill. App. 296, 298, 40 N.E.2d 103, 104.)

Plaintiffs in the *Lyons* case sued the county to recover monies the county had a duty to pay under "An Act for the relief of the blind" (Ill. Rev. Stat. 1941, ch. 23, par. 279). Plaintiff claimed the 10-year statute of limitations applied because the suit was based on a written contract or "other evidences of indebtedness in writing." (*Lyon*, 313 Ill. App. at 298, 40 N.E.2d at 104.) The third district disagreed and instead applied the five-year statute of limitations:

" 'The obligation of the county to pay and the right of the plaintiffs to receive the benefits sought to be recovered in the present action arise by virtue of the statute. It has been held that where liability results from a statute, an action to enforce such liability is a "civil action not otherwise provided for" within the meaning of section 15 of the Limitations Act, and is therefore governed by the five year statute of limitations. *Parmelee v. Price*, 208 Ill. 544; *Blakeslee's Warehouses, Inc. v. City of Chicago*, 369 Ill. 480).' " *Lyons*, 313 Ill. App. at 298, 40 N.E.2d at 104, quoting *People ex rel. Powles v. County of Alexander* (1941), 310 Ill. App. 602, 604, 35 N.E.2d 92, 94.

See also *Pope v. Kaleta* (1967), 90 Ill. App. 2d 61, 234 N.E.2d 109; *Gibraltar Insurance Co. v. Varkalis* (1969), 115 Ill. App. 2d 130, 253 N.E.2d 605; *Montague v. George J. London Memorial Hospital* (1979),

78 Ill. App. 3d 298, 396 N.E.2d 1289.

Plaintiff's complaint for breach of a statutory duty distinguishes this case from *Kerr v. Schrempp* (1945), 325 Ill. App. 614, 60 N.E.2d 636, cited by plaintiff as authority for application of the 10-year statute of limitations. In *Kerr*, the assignees of a promissory note sued the devisees of the deceased debtor to recover the amount due on the note. Illinois statutes at the time provided that when the estate of a devisor of land was insufficient to pay his creditors, the devisees of the realty were liable to his creditors for his debts. (Ill. Rev. Stat. 1945, ch. 59, par. 12.) The defendant devisees argued the action was a "civil [action] not otherwise provided for" and subject to the five-year statute of limitations, which would bar the suit. (*Kerr*, 325 Ill. App. at 620, 60 N.E.2d at 639.) The court agreed with the defendant and found a cause of action based on the devisor's obligation to pay the promissory note. The statute provided only a remedy, not the basis of the cause of action. *Kerr*, 325 Ill. App. at 620-21, 60 N.E.2d at 639-40.

The plaintiff in *Kerr* sued on the contract, the promissory note. The plaintiff in this case seeks damages for breach of a statutory duty. We find the *Kerr* case inapplicable to the case at bar and affirm the trial court's decision applying the five-year limitation found in section 13—205 of the Code.

The second issue on appeal is whether the amended complaint filed by plaintiff James Keller relates back to the complaint filed by Juici-Rich on September 9, 1986. Section 2—616(b) of the Code provides:

"The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that

purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).

Plaintiff maintains his complaint relates back to the 1986 complaint filed by Juici-Rich, dismissed for lack of standing. According to plaintiff, the amended complaint did nothing more than substitute the proper plaintiff and present information regarding Keller's assignment of the CD to the bank, "instead of simply alleging conversion the Amended Complaint sets out the transaction and showed [sic] how the conversion occurred; namely that the Bank acquired funds through the exercise of its rights under certain written agreements but then failed in its duty to properly disburse those funds." Plaintiff argues the amended complaint relates back to the original complaint as the cause of action arose from the same transaction as the cause of action originally asserted. Further, "Defendant Bank's own motion to dismiss clearly shows that the Complaint and Amended Complaint relate to the same transaction." Plaintiff cites no authority for his assertion that under section 2—616 amendments are to be broadly construed, including the introduction of a party who should have been originally named as plaintiff.

Defendant argues the amended complaint does not relate back to the Juici-Rich complaint. Defendant's position is that the amended complaint asserts a new cause of action by a new party and is time barred by the five-year limitation period of section 13—205. The Juici-Rich complaint alleged a cause of action for common law conversion, whereas the amended complaint is based on breach of a statutory duty to disperse the funds received through the sale of the collateral, according to the rules found in section 9—504 of the UCC.

"Under [the] statute [Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)], an amended pleading will not be deemed to relate back to the original pleading so as to avoid the impact of the statute of limitations unless the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 271, 489 N.E.2d 1342, 1344.) An amended complaint is deemed to relate back to the original pleading when the original pleading provides the defendant with all the information necessary to prepare his defense to the subsequently asserted claim. (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 712, 512 N.E.2d 824, 825.) The rationale for this rule is that a defendant will not be prejudiced so long as his attention has

been directed to the facts which form the basis of the claim lodged against him within the prescribed time. *Perkins v. Pepsi-Cola General Bottlers, Inc.* (1987), 158 Ill. App. 3d 893, 900, 511 N.E.2d 901, 906." *Bailey v. Petroff* (1988), 170 Ill. App. 3d 791, 797, 525 N.E.2d 278, 282.

■ We find the plaintiff's amended complaint relates back to the original complaint. The amended complaint grew out of the same transaction as the Juici-Rich complaint, namely, the actions taken by the bank in regard to the CD. The original complaint provided defendant with information on the basis of plaintiff's claim and allowed defendant to prepare a defense, even to the amended complaint.

"In determining whether amended pleadings related back to the filing of the initial pleading, earlier cases sometimes drew a distinction between statutory causes of action, where the filing of a complaint within a certain time period after the occurrence of an event is required by the statute which creates the action, and is thus a condition precedent to bringing suit, and common law causes of action, to which the general statutes of limitations apply. (See *Anderson v. Behr* (1939), 299 Ill. App. 90, 19 N.E.2d 428.) Recent decisions have, however, tended to abandon this distinction." (*Grunloh v. Effingham Equity, Inc.* (1988), 174 Ill. App. 3d 508, 523, 528 N.E.2d 1031, 1040.)

Thus, it is not particularly significant that the amended complaint was not founded on common law. This case is distinguishable from our decision in *McGinnis v. A.R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 490 N.E.2d 115, where we held the wife's claim for loss of consortium, filed after the two-year limitation period for her husband's personal injury suit, stated a new cause of action by a new party and did not relate back. Here, as in *McGinnis*, the new claim was brought by a different party but arose from the same transaction. However, here, although the new claim was based on a slightly different theory, it concerned the same injury as alleged in the original claim and was brought by the proper party to sue for that injury. There, the new claim was for an injury not disclosed in the original pleading.

Because we find the original complaint was timely filed within the applicable five-year statute of limitations and the amended complaint relates back, the judgment of the Sangamon County circuit court is reversed and remanded.

Reversed and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.